[Civ. No. 13511.   Second Dist., Div. Two.   June 2, 1942.]

COUNTY OF LOS ANGELES, Appellant, v. C. DELMAR CRAIG, Respondent.

J. H. O'Connor, County Counsel, and Gerald G. Kelly, Deputy County Counsel, for Appellant.

T. H. Canfield for Respondent.

McCOMB, J.—From an order granting defendant's motion for a change of venue of an action from Los Angeles County to Ventura County, pursuant to the provisions of section 394 of the Code of Civil Procedure, plaintiff appeals.

These are the undisputed facts:

Plaintiff, county of Los Angeles, filed an action pursuant to the provisions of section 2224 of the Welfare and Institutions Code against defendant, a resident of Santa Barbara County.

Section 394 of the Code of Civil Procedure, so far as applicable in the present case, reads thus:

"Whenever an action or proceeding is brought by a county . . . against a resident of another county . . . the action or proceeding must be, on motion of either party, transferred for trial to a county . . . other than the plaintiff . . . and other than that in which the defendant resides . . ."

Section 2224 of the Welfare and Institutions Code, among

other things provides that if the recipient of a pension has a spouse or adult child within the state who is pecuniarily able to support such recipient, the county board of supervisors shall request the proper county legal officer to proceed against the nonsupporting relative to recover for the county such portion of the aid granted as the relative is able to pay. This section contains also this provision:

"Upon such demand the district attorney or other civil legal officer of the county granting aid shall, on behalf of said county, *maintain* an action, in the superior court of the county granting said aid, against said relative, in the order named, to recover for said county such portion of the aid granted as said relative is able to pay . . ." (Italics ours.)

This is the sole question necessary for us to determine:

*Is section 394 of the Code of Civil Procedure available to a defendant who comes within the purview thereof when sued under the provisions of section 2224 of the Welfare and Institutions Code?*

This question must be answered in the affirmative. It is the established law in California that it is the duty of courts when reasonably possible to harmonize apparently conflicting code provisions and, if such provisions can be reasonably construed so as to avoid conflict, such construction should be adopted (*Stowe* v. *Merrilees,* 6 Cal. App. (2d) 217, 220 [44 P. (2d) 368]; *Rose* v. *Superior Court of Imperial County,* 80 Cal. App. 739, 751 [252 Pac. 765]; 59 C. J. (1932) 1051, § 621.)

We find that the word "maintain" has had commonly attributed to it as used in respect to actions three meanings, to wit:

(1) To begin, to bring, to commence, to institute;

(2) To carry on, to continue or persevere in or with;

(3) To commence and prosecute to a conclusion that which has already been begun. (38 C. J. (1925) 336, § 4; *People* v. *Yant,* 26 Cal. App. (2d) 725, 727 [80 P. (2d) 506].)

Therefore, applying the rule of construction above stated to the code section in question in the instant case, we must adopt the first meaning attributed to the word "maintain" and not the second or third as urged by plaintiff, which would result in requiring us to hold that the suit must be retained through its various stages in the county where instituted and that section 394 of the Code of Civil Procedure

is inapplicable. Thus we find that the word "maintain" used in section 2224 in the Welfare and Institutions Code, *supra*, is the equivalent of saying, to begin, to bring, to commence, or to institute; and as a result both section 394 of the Code of Civil Procedure and section 2224 of the Welfare and Institutions Code, *supra*, as thus construed, are reconcilable and harmonized. Therefore, the provisions of section 394 of the Code of Civil Procedure are available to defendant. The conclusion which we have reached is in accordance with a similar determination on a like question by the United States District Court for New Jersey. (See *Ricciardi* v. *Lazzara Baking Corp.*, 32 F. Supp. 956, 958.) Since the two code sections can be reconciled, the rule that a special statute dealing expressly with a particular subject controls and takes priority over a general statute is inapplicable and cases such as *Brill* v. *County of Los Angeles*, 16 Cal. (2d) 726, 732 [108 P. (2d) 443], are not here in point. Likewise the language in *California Sav. & L. Soc.* v. *Harris*, 111 Cal. 133, 138 [43 Pac. 525] and *Roullard* v. *Gray*, 38 Cal. App. 79, 81 [175 Pac. 479], is not controlling in the present case, for the reason that the facts in the latter two cases are entirely different from those in the instant case.

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 29, 1942. Shenk, J., and Traynor, J., voted for a hearing.