[Civ. No. 46867. Second Dist., Div. Five. Apr. 5, 1976.]

DALE ANDRE LEE EVERETT, a Minor, etc.,
Plaintiff and Appellant, v.
CHAD EVERETT, Defendant and Respondent.

---

**COUNSEL**

Barbara Warner Blehr for Plaintiff and Appellant.

Sidney Traxler, Mitchell, Silberberg & Knupp, Daniel A. Weber and Marilyn E. Levine for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—Plaintiff Dale Everett, a minor, through his guardian ad litem, appeals from a judgment in favor of defendant Chad Everett, after the trial court sustained defendant's demurrer to plaintiff's complaint. Defendant demurred on grounds that this action was barred by a previous action, Scott v. Everett (Los Angeles Superior Court No. D-821656) in which defendant obtained a favorable judgment.[1]

FACTS

In September 1973, in an action brought by Sheila Scott, the minor plaintiff's mother, against defendant, alleged to be plaintiff's father, the following judgment was entered in defendant's favor:

"The above entitled matter came on regularly for trial before a Jury ....[T]he matter was tried before the Jury on September 4, 5, 7, 13 and 14, 1973; evidence both oral and documentary was presented; on September 19, 1973 the parties and their attorneys executed and filed with the Court a written Stipulation which provided, . . . that the Court should (i) take the case from the Jury . . . ; (ii) that Plaintiff's deposition . . . should be filed, same to be read by the Court and considered as the direct testimony of Plaintiff; (iii) that the matter should be submitted without argument to the Court for its decision on the record including all evidence and the pleadings which should be deemed to be evidence; and (iv) that findings of Fact and Conclusions of Law, Motion under C.C.P. 473, Motion for New Trial and right of appeal are waived.

"[T]he Court . . . finds that the Defendant is not the father of Plaintiff's minor son . . . and renders its judgment . . . in favor of Defendant . . . ."

In July 1974, plaintiff, represented by a guardian ad litem, brought an action against both his mother and his father under Civil Code section 231[2] to establish that defendant was his father. Plaintiff alleged in one count that defendant was his father and in a second count, the facts appearing in the judgment in Scott v. Everett, and that the judgment

---

[1]We have augmented the record with the proceedings in Scott v. Everett.

[2]Civil Code section 231 was repealed; (Stats. 1975, ch. 1244, § 8), but, at least for purposes of this case, was substantially reenacted as section 7006. At the time, section 231 read in part: "An action may be brought for the purpose of having declared the existence or nonexistence between the parties of the relation of parent and child, by birth or adoption."

came about by way of collusion between plaintiff's mother and defendant in consideration for the payment of $5,000 cash and an insurance annuity policy for the plaintiff's benefit, amounting to $275 a month, payable for some 18 years. Specifically, the collusion alleged was that plaintiff's mother failed to produce him in court even though he resembled defendant, agreed not to testify personally, agreed to permit defendant "to testify and deny fatherhood without voiced contradiction";[3] agreed to and did not bring any supporting witnesses, and signed the stipulation embodied in the judgment recited above.

Plaintiff then alleged that the judgment in the prior action did not affect his rights because no guardian ad litem had been appointed, and no court approval was obtained for the compromise of plaintiff's claims.

The trial court agreed with defendant that the prior action in Scott v. Everett was res judicata and entered judgment accordingly.[4]

## DISCUSSION

■■■ The prior action brought by plaintiff's mother against defendant was not res judicata on the issue whether defendant is plaintiff's father.[5]

---

[3]The quoted allegation, at best, misinterprets the facts contained in the superior court file of Scott v. Everett. On September 5, 1973, defendant was called by plaintiff's mother, "pursuant to Section 776," and was "sworn and examined." It was "stipulated that" defendant's deposition "contains what the witness testified and portions of the deposition are read into the record." On September 7 examination of defendant resumed, and portions of the deposition were "read into the record."

Although a demurrer does not admit facts judicially known to be false (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 328, pp. 1995-1996), the basis of our decision herein does not require us to decide whether the allegation is actually contradicted by the record of the action between plaintiff's mother and defendant.

[4]Plaintiff's mother, Sheila Scott, is a nonresisting defendant in this action and not a party to this appeal. She filed an answer admitting the substance of the complaint with respect to defendant's relationship to plaintiff and the prior court proceedings, denying only that she knowingly participated or connived in those proceedings and further alleging that "she had recently given birth" to plaintiff and "was under a doctor's care for conditions relating to said childbirth and for a nervous condition."

[5]The prior action was authorized by Civil Code section 196a. "The father as well as the mother of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor child, and in such action the court shall have power to order and enforce performance thereof, the same as in a suit for dissolution of marriage." The language of the statute was different when the first action was filed. (See Stats. 1969, ch. 1608, § 5, p. 3313.)

Although the parent may file an action for support in her own name under section 196a, the child is the real party in interest in an action to establish paternity and obtain support. (*Perez* v. *Singh,* 21 Cal.App.3d 870, 872 [97 Cal.Rptr. 920]; *Stevens* v. *Kelley,* 57 Cal.App.2d 318, 323 [134 P.2d 56].)[6] However, it "is settled law in this state that a minor's right to support and maintenance by his father may not be limited or contracted away by his parents." (*Fernandez* v. *Aburrea,* 42 Cal.App. 131, 132 [183 P. 366]; see also *Schumm* v. *Berg,* 37 Cal.2d 174, 183 [231 P.2d 39, 21 A.L.R.2d 1051]; *Berry* v. *Chaplin,* 74 Cal.App.2d 652, 658 [169 P.2d 442].)

Probate Code section 1431 provides that when a minor has a disputed claim for damages, money or other property against a third person, any compromise of that claim to be valid must be approved by the court. ▮ Such approval is required where the minor's representative enters into a stipulation which involves the waiver of any material right of the minor. (*Robinson* v. *Wilson,* 44 Cal.App.3d 92, 102 [118 Cal.Rptr. 569]; *Berry* v. *Chaplin, supra,* 74 Cal.App.2d 652, 657, 660; see also *Schumm* v. *Berg, supra,* 37 Cal.2d 174, 183-184.)

Although, as defendant points out, the trial court did enter judgment in his favor in the previous action, the face of the judgment indicates a stipulation involving the substantial rights of the minor (see *Berry* v. *Chaplin, supra,* 74 Cal.App.2d at p. 657) that was not submitted to the court for its approval. (Cf. *Robinson* v. *Wilson, supra,* 44 Cal.App.3d 92, 102.) In brief, the compromise judgment "although valid between the parties, had not been approved by the court and was therefore not binding upon the minor." (*DeSylva* v. *Ballentine,* 96 Cal.App.2d 503, 510 [215 P.2d 780].)

It is true that, since the mother was entitled to bring the first action in her name, Code of Civil Procedure, section 372, did not apply.[7] Probate Code, section 1431, however, requires approval where there is a

---

[6]Paternity is a prerequisite to any duty of support. (*Kyne* v. *Kyne,* 38 Cal.App.2d 122, 128-129 [100 P.2d 806].) In theory, an action to establish paternity should be brought under Civil Code section 231, which section requires that the child appear through a guardian ad litem, and an action to obtain support, under section 196a, which does not require the appointment of a guardian. However, the actions are frequently combined. (*Van Buskirk* v. *Todd,* 269 Cal.App.2d 680, 684-686 [75 Cal.Rptr. 280].)

[7]Code of Civil Procedure section 372: "When a minor...is a party, he must appear... by a guardian ad litem . . . . The . . . guardian . . . shall have power, with approval of the court . . . to compromise the [action], to agree to the order or judgment to be entered therein for or against his ward, . . . ."

"compromise" of a minor's claim, and a "claim" necessarily encompasses a compromised legal action. (See *Berry* v. *Chaplin, supra,* 74 Cal.App.2d 652, 657.)

*Berry* v. *Chaplin, supra,* is very similar to this case. There, the minor's guardian ad litem had brought a filiation proceeding under Civil Code sections 196a and 231 and filed a stipulation, approved by the court, to the effect that blood tests would be deemed to be conclusive on the issue of paternity. (*Id.,* at pp. 653-654.) The minor, now represented by a new guardian and new attorney, refused to dismiss the action in accordance with the stipulation when the blood test results proved unfavorable. The trial court refused to dismiss the action on the defendant's motion; the Court of Appeal agreed that the stipulation was invalid.

"Section 196a of the Civil Code provides that a civil suit in behalf of a minor illegitimate child to enforce the obligation of a parent to support it may be maintained by a guardian *ad litem* and in such action the court has power to order and enforce the performance of such obligation. The power of a guardian *ad litem* in such an action is not unlimited. . . . A minor, who must of necessity appear by his guardian, is not bound by the admissions of the guardian which mean the sacrifice or giving away of the ward's property." (74 Cal.App.2d at p. 657.)[8]

"The stipulation was not a compromise of the minor's claim, and if intended as such the annexed order purporting to approve it was invalid and failed of its purpose. Section 1431 of the Probate Code provides that . . . [a compromise] must be approved by the superior court . . . ." (*Id.,* at p. 660.)

Defendant relies on *Stevens* v. *Kelley, supra,* 57 Cal.App.2d 318. There, in an action to establish paternity and obtain support, the defendant also pleaded a former adjudication as a defense to the action. (57 Cal.App.2d at p. 320.) The court first rejected the plaintiff's contention that the parties in the two actions were not the same because the first action was brought in the mother's name. We agree with the court's ruling on that matter: "The authority of the mother to sue is equal to that of a guardian ad litem or a general guardian. The former action was brought on behalf of the child and she was the real party in interest." (*Id.,* at p. 323.) However, the court went on to hold that notwithstanding both Code of Civil Procedure section 372 and Probate Code section 1431, there "is no code section which specifically denies the

---

[8]We note the obvious in passing: An infant minor who does not appear through a guardian ad litem under section 196a "must, of necessity appear by" a parent.

mother of an illegitimate child authority to compromise claims of the child in an action for support brought by the mother on behalf of the child against the alleged father." (*Id.,* at p. 326.)

If *Stevens* v. *Kelly* ever correctly stated California law, it surely did not survive *Berry* v. *Chaplin, supra,* which simply ignored it. The two cases cannot coexist in a jurisdiction which purports to decide disputes on a rational basis: Actions for support under section 196a may be brought by the mother, as was the case in *Stevens* v. *Kelly,* or by the child through a guardian, as was done in *Berry* v. *Chaplin.* In either case, the child is the real party in interest. (*Daniels* v. *Daniels,* 143 Cal.App.2d 430, 435 [300 P.2d 335].) It is safe to assume that the child is rarely consulted on the choice of procedure. It cannot be the law that if the mother decides to proceed in the name of the child through a guardian, the interests of the child are protected by the principle of *Berry* v. *Chaplin,* but that if she sues in her own name, she may compromise the claim of the child without judicial inquiry into the question of whether the compromise is "improvidently made . . . [or] prejudicial to the rights and interests of the minor." (*Berry* v. *Chaplin, supra,* 74 Cal.App.2d at p. 657.)[9]

Nothing in the record of the former action suggests compliance with either the letter or the spirit of *Berry* v. *Chaplin,* nor does it negative the allegation of the complaint that the judgment therein was the result of a compromise. It was, therefore, error to sustain the demurrer on the basis that the minor plaintiff's rights had been adjudicated in the prior proceedings.

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied April 22, 1976, and respondent's petition for a hearing by the Supreme Court was denied June 2, 1976. Mosk, J., did not participate therein.

---

[9]Consonant with these principles, the Uniform Parentage Act (Civ. Code, §§ 7000-7018), not in effect when this action was filed (Stats. 1975, ch. 1244, § 11), prevents a parent from compromising the minor's rights. Section 7008 provides: "The child shall be made a party to the action [to establish paternity]. If he is a minor he shall be represented by a guardian ad litem appointed by the court. The child's mother or father may not represent the child as guardian or otherwise."

Improvident agreements provide no defense: Section 7006, subdivision (d), provides that "[r]egardless of its terms, an agreement between an alleged or presumed father and the mother or child does not bar an action under this section."