[Civ. No. 19703. Fourth Dist., Div. Two. May 18, 1978.]

MICHAEL ANTHONY DORAME, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
COUNTY OF ORANGE et al., Real Parties in Interest.

**COUNSEL**

Forstenzer & Rudder and Edward Forstenzer for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, Oretta D. Sears and Thomas H. Wolfsen, Deputy District Attorneys, for Real Parties in Interest.

**OPINION**

**MORRIS, J.**—The County of Orange, real party in interest herein (hereinafter referred to as County), filed a complaint in the Superior Court of Orange County against Michael Anthony Dorame, petitioner herein, seeking reimbursement of public assistance and establishment of child support. Petitioner moved for a change of venue on the ground that the County had brought the action in plaintiff county against a nonresident. Respondent superior court denied the motion, and petitioner now seeks a writ of mandate to compel the court to grant his motion and transfer the action to a neutral county for further proceedings and trial.

██ The issue is whether, as the County contends, Welfare and Institutions Code section 11350, under which the County brought its action, provides an exception to Code of Civil Procedure section 394, under which petitioner claims a right to have the action transferred.[1]

---

[1] Since the entire discussion focuses on these two sections, hereinafter they are usually referred to by section number alone and without repeating the names of the respective codes.

Section 394 of the Code of Civil Procedure provides in pertinent part: "Whenever an action or proceeding is brought by a county . . . against a resident of another county . . . the action or proceeding must be, on motion of either party, transferred for trial to a county . . . other than the plaintiff . . . and other than that in which the defendant resides . . . ."

Section 11350 of the Welfare and Institutions Code generally provides that in any case of separation from or desertion of a child by a parent that results in aid being granted to the family, the noncustodial parent shall be obligated to the county for an amount determined according to portions of the section not relevant to the instant dispute. The section then states: "The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter."

Petitioner acknowledges that section 11350 clearly establishes the superior court of the county providing aid as the proper court for initiating an action pursuant to that section. He correctly points out, however, that section 394 is a *removal* or *change of venue* statute that comes into operation only when the action is filed in a county that is proper under venue rules. (See *County of Riverside* v. *Superior Court* (1968) 69 Cal.2d 828 [73 Cal.Rptr. 386, 447 P.2d 626]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 492, pp. 1315-1316.)

. In *County of Los Angeles* v. *Craig* (1942) 52 Cal.App.2d 450 [126 P.2d 448], the court resolved a question very similar to that presented here. In that case plaintiff county sued a relative of a recipient of old age assistance to recover the money paid. The action was brought in plaintiff county under Welfare and Institutions Code section 2224,[2] which provided that the county's legal officer shall, on demand of the proper authorities, "maintain an action, in the superior court of the county granting said aid." Defendant's motion for a change of venue pursuant to section 394 was granted, and plaintiff county appealed. The court noted that the word "maintain" commonly has different meanings attributed to it as used with respect to actions, i.e., (1) to begin, bring, commence, or institute, (2) to carry on, continue with, or persevere in, and (3) to commence and prosecute to a conclusion that which has already been

---

[2]The section has since been repealed. (Stats. 1965, ch. 1784, § 4, p. 3978.)

begun. Seeking to harmonize the two code sections, the court adopted the first meaning attributed to the word "maintain," and held that the provisions of section 394 were available to the defendant.

The County seeks to distinguish the *Craig* case by pointing out that the court's holding rested on its interpretation of the word "maintain" as used in former Welfare and Institutions Code section 2224. Section 11350, on the other hand, uses the language "take appropriate action." Moreover, notes the County, prior to its repeal and reenactment in 1975, section 11350 did not specify any superior court, but provided that the district attorney shall "bring suit" for enforcement of support pursuant to the section. (Former § 11350, added by Stats. 1971, ch. 578, § 25.5, p. 1158, repealed by Stats. 1975, ch. 924, § 4, p. 2032; present § 11350, added by Stats. 1975, ch. 924, § 5, p. 2032.) The County argues that by changing the language from "bring suit" to "take appropriate action," the Legislature meant to include all action necessary to commence and prosecute to conclusion the action on the obligation to the County.

The change in language occurred during a complete rewriting of section 11350, and whatever significance that may attach to the change in other contexts, we think it unwarranted to attribute to the Legislature the extreme subtlety suggested by the County's interpretation. The language "take appropriate action" simply does not connote what the County asserts. Indeed the word "maintain" is much more susceptible of such a meaning, and in the face of the *Craig* decision, we think that had the Legislature intended to make section 11350 an exception to section 394, it would have clearly said so.

The County also seeks support in the general principle of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute. Since the two code sections can be reconciled, the principle is inapposite. (See *County of Los Angeles* v. *Craig, supra,* 52 Cal.App.2d at p. 453.)

Section 11350 of the Welfare and Institutions Code does not render the provisions of Code of Civil Procedure section 394 inapplicable. Defendant thus has a right, pursuant to the latter section to have the action removed to a neutral county. (See *City of Oakland* v. *Darbee* (1951) 102 Cal.App.2d 493 [227 P.2d 909]; *Yuba Co.* v. *North America etc. Min. Co.* (1909) 12 Cal.App. 223 [107 P. 139].)

Let a peremptory writ of mandate issue requiring respondent to enter its order transferring this action to a neutral county.

Kaufman, Acting P. J., and McDaniel, J., concurred.

A petition for a rehearing was denied June 7, 1978.