[Civ. No. 21384. Fourth Dist., Div. Two. Jan. 8, 1980.]

GARY MORRISON, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
BENJAMIN MEARS, a Minor, etc., et al., Real Parties in Interest.

COUNSEL

Steven J. Hoffman for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, John D. Conley, James Branch and Steven L. Kester, Deputy District Attorneys, for Real Parties in Interest.

OPINION

**MORRIS, J.**—Petitioner Gary Morrison, defendant below, seeks a writ of mandate compelling the Superior Court of Orange County to vacate its order denying his motion for change of venue.

Real parties in interest are the plaintiffs in a civil action against defendant in the superior court. The first cause of action is a civil paternity action brought by the District Attorney of Orange County pursuant to the Uniform Parentage Act, Civil Code section 7006, seeking a determination of parentage and support for the minor child. The second cause of action is brought by plaintiff County of Orange (County), seeking reimbursement for support and maintenance furnished the minor by County.

■ Defendant Morrison moved for change of venue to a neutral county pursuant to Code of Civil Procedure section 394, which provides in pertinent part as follows: "Whenever an action or proceeding is brought by a county...against a resident of another county...the action or proceeding must be, on motion of either party, transferred for trial to a county...other than the plaintiff...and other than that in which the defendant resides...."

The motion for change of venue was denied without a statement of reasons, and defendant applied to this court for a peremptory writ of mandate, contending that he has a right to have the action transferred to a neutral county as a matter of law.

The second cause of action is brought by the County under the authority of Welfare and Institutions Code section 11350, which generally provides that in any case of separation from or desertion of a child by a parent that results in aid being granted to the family, the noncustodial parent shall be obligated to the county for an amount to be determined as provided therein. The section further provides that, "The district attorney shall take appropriate action pursuant to this section in the superior court of the county which provided aid under this chapter."

In *Dorame v. Superior Court* (1978) 81 Cal.App.3d 70 [146 Cal.Rptr. 162], we considered a question very similar to that presented here. The County of Orange had filed a complaint seeking reimbursement of public assistance and establishment of child support. The action was brought in plaintiff county under Welfare and Institutions Code section 11350. The defendant's motion for change of venue pursuant to Code of Civil Procedure section 394 was denied, and defendant petitioned this court for a writ. In granting the writ, this court noted that Code of Civil Procedure section 394 is a removal or change of venue statute that comes into operation only upon motion for change of venue after the action is filed in a county that is proper under venue rules. (*Id.*, at p. 72.) While Welfare and Institutions Code section 11350 establishes the county where aid is given as a proper county for filing the action, a nonresident defendant has a right pursuant to Code of Civil Procedure section 394 to have the action removed to a neutral county. (See also *City of Oakland v. Darbee* (1951) 102 Cal.App.2d 493 [227 P.2d 909]; *County of Los Angeles v. Craig* (1942) 52 Cal.App.2d 450 [126 P.2d 448]; *Yuba Co. v. North America etc. Min. Co.* (1909) 12 Cal.App. 223 [107 P. 139].)

Plaintiff County appears to concede that, if the complaint for reimbursement pursuant to Welfare and Institutions Code section 11350 constituted the sole cause of action, defendant would have been entitled to have the case transferred under Code of Civil Procedure section 394. However, focusing on the first cause of action, for a determination of parentage, County contends that the specific provision of Code of Civil Procedure section 395, subdivision (a) supersedes the more general change of venue provisions.

Code of Civil Procedure section 395, subdivision (a) provides in pertinent part as follows: "In a proceeding to determine parental relation under Part 7 (commencing with section 7000) of Division 4 of the Civil Code or to enforce an obligation of support under Section 196a of the Civil Code, the county in which the child resides is the proper county for the trial of the action."

Plaintiff's argument misstates the issue. The question we are called upon to decide is not whether a motion pursuant to Code of Civil Procedure section 394 would require the removal of an action to determine parentage under Civil Code section 7006. The County is not a party to the first cause of action and, therefore, defendant's right to removal to a neutral county is not asserted as to that action.

The question is, when the complaint states two causes of action, and the defendant has a right to a change of venue as to one but not as to the other, must the defendant's motion for change of venue be granted?

Unfortunately for County's position the law is well settled that, "When several causes of action are alleged in a complaint, a motion for change of venue must be granted on all causes if defendant is entitled to a change on any one." (*Johnson v. Superior Court* (1965) 232 Cal.App.2d 212, 217 [42 Cal.Rptr. 645]; *Holstein v. Superior Court* (1969) 275 Cal.App.2d 708, 710 [80 Cal.Rptr. 301].)

County seeks to avoid the effect of this rule on the ground that the County of Orange is not a necessary party to the action. It is argued that since Welfare and Institutions Code section 11350 gives the County a right to receive reimbursement where the child is receiving benefits from the County, the County need not file or be a party to the paternity suit to perfect its right to such support. If the plaintiff prevails in the paternity suit, the County's right to reimbursement is derivative;

if the plaintiff fails in the paternity action, the plaintiff County's action for reimbursement is moot.

While this is all true, it does not change the fact that the plaintiff County elected to join its cause of action for reimbursement with the cause of action for determination of parentage. As the California Supreme Court stated in the case of *Ah Fong* v. *Stearnes* (1889) 79 Cal. 30, 33 [21 P. 381], "It is the plaintiff's own doing if the complaint be so drawn. He cannot deprive the defendant of his right to a change of venue by the addition of something to the complaint. If this were not the rule, it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint."

We do not suggest that the joinder here was for the purpose of defeating defendant's right to a change of venue. Obviously, paternity must be decided before it can be determined that County has a right to reimbursement from this defendant. Nevertheless, it was plaintiff who decided to join the causes of action. The guardian ad litem for the child is an investigator in the office of the district attorney and the district attorney is prosecuting both actions. It would therefore seem that, contrary to plaintiff's contention, the County is more than a "token" party in this case, but is rather a real party in interest.[1]

---

[1]Welfare and Institutions Code section 11477, subdivision (a) reads in part as follows: "As a condition of eligibility for aid paid under this chapter, each applicant or recipient shall:

"(a) Assign to the county any rights to support from any other person such applicant may have in their own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is made. Receipt of public assistance under this chapter shall operate as an assignment by operation of law."

We fully appreciate that the nonresident father's right under Code of Civil Procedure section 394, to have the county's action removed to a neutral county will render it more difficult for the district attorney to comply with legislative mandate contained in section 11350 of the Welfare and Institutions Code. It is unquestionably more efficient to join the action for determination of parentage with the support and reimbursement action. However, the remedy is with the Legislature rather than the courts.

Presumably because no answer has been filed in this case, the county was unable to oppose the motion for change of venue on the ground of convenience of witnesses under Code of Civil Procedure section 396b. (*Johnson* v. *Superior Court, supra,* 232 Cal.App.2d 212, 214.) We do not therefore consider whether these actions could be retained or remanded upon a proper showing that the convenience of witnesses and the ends of justice will be thereby promoted. (See *City of Stockton* v. *Ellingwood* (1926) 78 Cal.App. 117 [248 P. 272].)

The peremptory writ is granted with directions to the trial court to select the appropriate neutral county.

Gardner, P. J., and Tamura, J., concurred.