[Civ. No. 23418. Fourth Dist., Div. Two. Oct. 20, 1980.]

ERNEST P., JR., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ANTHONY P., a Minor, etc., et al., Real Parties in Interest.

**COUNSEL**

Von Till & Grimmer and Neil S. Turner for Petitioner.

No appearance for Respondent.

Cecil Hicks, District Attorney, Michael R. Capizzi, Assistant District Attorney, John D. Conley, Bruce M. Patterson and Ellen Isaacs, Deputy District Attorneys, for Real Parties in Interest.

## OPINION

**MORRIS, J.**—Petitioner, Ernest P., is defendant in an action in the superior court to establish paternity pursuant to Civil Code section 7006, and for support pursuant to Welfare and Institutions Code section 11350.1. Real parties in interest, the plaintiffs in that action, are Anthony P., a minor, represented by his guardian ad litem John B. Koughan, and the County of Orange on behalf of the minor child.

Petitioner moved for summary judgment, asserting that the action is barred by reason of a previous compromise of a paternity claim by the minor's mother and the petitioner pursuant to Probate Code section 1431.

The trial court denied the motion for summary judgment and petitioner petitioned this court for a writ of mandate to compel the superior court to grant summary judgment. This court denied the writ and petitioner petitioned the Supreme Court seeking the same relief. The Supreme Court granted a hearing and transferred the matter to this court with directions to issue an alternative writ of mandate. We did.

### *Probate Code Section 1431*

■ The threshold issue to be determined is whether the provisions of Probate Code section 1431 regarding the compromise of minors' claims apply to a minor's paternity claim against his alleged father.

The compromise assertedly accomplished by petitioner pursuant to Probate Code section 1431 was based on a petition filed by the mother of Anthony P. in the Superior Court of Alameda County. The record reveals that the petition entitled "In the matter of the disputed claim of ANTHONY [P.], a minor. PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR (Under Prob. Code § 1431) (No action pending)," was prepared by attorneys for Roy P., the alleged father, and named the mother as the petitioner. The petitioner was not represented by an at-

torney although the petition alleged that she had consulted an unnamed attorney of her own choice. The order approving the claim was also prepared by the attorneys for Roy P. The mother was not appointed as guardian ad litem for the purpose of prosecuting the claim, and the minor was not joined in that proceeding.

The order approved a compromise upon the payment by the putative father (petitioner herein) of $2,000, and provided that upon receipt of the full amount of the sum approved, "[p]etitioner [mother] is hereby authorized and directed to execute and deliver to Roy [P.] a full, complete and final release and discharge of Roy [P.] from any and all claims, charges, and demands of said minor and of Petitioner arising from the alleged paternity of Roy [P.] to said minor."

Probate Code section 1431 provides in pertinent part as follows: "When a minor has a disputed claim for *damages, money or other property* against a *third person*, either parent, or if the parents of the minor are living separate and apart, then that parent having the care, custody, or control of the minor,...shall have the right to compromise, or execute a covenant not to sue on, such claim, but before the compromise or covenant is valid it must be approved by the superior court of the county where the minor resides, upon the filing of a verified petition in writing...." (Italics added.)[1]

Although the establishment of the parent-child relationship is the most fundamental right a child possesses (see *Ruddock v. Ohls* (1979) 91 Cal.App.3d 271, 277-278 [154 Cal.Rptr. 87]), it cannot properly be characterized as a "claim for damages, money or other property." However, the child's right to support, once paternity is established, may constitute such a claim. It is probably because of the existence of a potential monetary claim that the courts have implied that a paternity action and support claim might be the subject of a Probate Code section 1431 settlement under certain circumstances.

[1]The Legislature recently revised and recodified much of the law on guardianship and conservatorship. The substance of Probate Code section 1431 is included in the new Probate Code section 3500, which will become operative on January 1, 1981. The portion of section 3500 pertinent to cases such as the one at bar reads: "When a minor has a disputed claim for damages, money, or other property and does not have a guardian of the estate, the following persons have the right to compromise, or to execute a covenant not to sue on or a covenant not to enforce judgment on, the claim, unless the claim is against such person or persons:

"(1)  Either parent if the parents of the minor are not living separate and apart.

"(2)  The parent having the care, custody, or control of the minor if the parents of the minor are living separate and apart...." (Stats. 1979, ch. 726, p. 2446.)

In *Everett* v. *Everett* (1976) 57 Cal.App.3d 65 [129 Cal.Rptr. 8], the Court of Appeal rejected an alleged father's claim that such a paternity action was barred by a prior stipulation between the mother and the alleged father. The court based its holding on the fact that the compromise between the parties had not been approved by the court, thereby implying that a court-approved compromise would constitute a bar. However, there is nothing in the court's opinion to suggest that the question of the applicability of section 1431 to a paternity claim had been put in issue. *Banks* v. *McMorris* (1975) 47 Cal.App.3d 723 [121 Cal.Rptr. 185] [cert. den., 423 U.S. 871 (46 L.Ed.2d 101, 96 S.Ct. 137)] provides even less support for petitioner's position. In *Banks* the court was concerned with the enforceability of an Ohio court-approved compromise of a paternity and support claim under which the defendant was obligated to make payments. There was no issue of the compromise having released the father from the obligations of parenthood. Quite the contrary, the putative father had assumed the obligation to provide some monetary support, and the issue before the California court was whether the compromise was enforceable as a judgment against him in California. In holding that it was, the court pointed out that Probate Code section 1431 was similar to the Ohio statute in order to demonstrate that the compromise of *support payments* is not against the public policy of California. Petitioner argues that this at least implies that Probate Code section 1431 is applicable to claims against a putative father.

To the extent these cases suggest that section 1431 of the Probate Code authorizes the compromise of a claim of paternity against an alleged father, we disagree. The clear language of the statute refers to claims for "money, damages or other property" against "third persons" to be processed by either parent, or, where living separate, by the parent having custody. In the assertion of a paternity claim, the child's only "claim for damages, money or other property" against the alleged father is contingent upon first establishing that he is the father and not a "third person." Whenever possible, statutes should be construed to give them a reasonable meaning. (See *Pac. Gas & E. Co.* v. *Shasta Dam etc. Dist.* (1955) 135 Cal.App.2d 463, 468 [287 P.2d 841].)

We conclude that a minor's paternity claim is not a claim within the meaning of section 1431.

*The Uniform Parentage Act*

There is an alternative basis for concluding that section 1431 could not properly have been applied in 1976 to authorize the compromise of the paternity claim processed by the child's mother.

The Uniform Parentage Act, Civil Code section 7000 et seq., adopted in California in 1975 (Stats. 1975, ch. 1244, § 11, p. 3196), governs the method for establishing the parent-child relationship. Civil Code section 7006, which sets out the procedures for actions to determine the existence of the father-child relationship, specifies those persons who may bring the action, and includes a provision that the district attorney may bring the action if he believes that the interest of justice will be served thereby. Subdivision (e) of section 7006 specifically provides that "[r]egardless of its terms, an agreement between an alleged or presumed father and the mother or child does not bar an action under this section." This provision appears to be a codification of existing case law (see *Everett* v. *Everett, supra,* 57 Cal.App.3d 65, 69) and would not, standing alone, preclude a res judicata effect of a court-approved compromise.

However, in 1976, at the time defendant and the mother of the minor plaintiff entered into the purported Probate Code section 1431 compromise, Civil Code section 7008 read in pertinent part as follows: "The child *shall* be made a party to the action. If he is a minor he shall be represented by a guardian ad litem appointed by the court. *The child's mother or father may not represent the child as guardian or otherwise....*" (Italics added.) (Stats. 1975, ch. 1244, § 11, p. 3199.)[2]

Thus, under the Uniform Parentage Act as it existed in 1976, (1) the child was an indispensable party in an action to determine parentage, (2) a minor child was required to be represented by a guardian ad litem, and (3) the child's mother could not represent the child as guardian or otherwise. In *Perez* v. *Department of Health* (1977) 71 Cal.App.3d 923, 927 [138 Cal.Rptr. 32], the court held that two minor children whose mother was deceased were indispensable parties to paternity proceedings initiated by the alleged natural father, in light of section 7008 as it read in 1976, and their absence deprived the court of jurisdiction over the matter.

---

[2]The section was amended in 1977 to (1) substitute "may, if under the age of 12 years, and shall, if 12 years of age or older," for "shall" after "the child"; (2) add "and a party to the action" after "if he is a minor"; and (3) deleted the third sentence. (Stats. 1977, ch. 207, § 1, p. 729.)

In the instant matter the 1976 petition under Probate Code section 1431 was brought by the child's mother; the child was not a party to the proceeding; no guardian ad litem was appointed; and the child's interest was purportedly represented by the mother "otherwise" than as guardian.

Petitioner seeks to distinguish a Probate Code section 1431 proceeding from Civil Code section 7008 on the ground that the former applies to a compromise when no action is pending, and the latter applies when an action is pending. The distinction is spurious and ignores the legislative policy behind the Uniform Parentage Act. It is evident from a reading of the act that one purpose of the act was to protect a child's fundamental right to establish paternity by establishing a uniform method for determining parentage in order to protect the minor from financially coerced or collusive agreements between the mother and father.

This legislative policy would be defeated if the statutory procedure could be avoided by a Probate Code section 1431 compromise between the mother and putative father. Even if section 1431 would otherwise apply, where it conflicts with the specific provisions for determination of paternity under the Uniform Parentage Act, the latter must prevail. There was unquestionably a conflict between the purported application of Probate Code section 1431 and Civil Code section 7008 as it read in 1976.

Since the minor was not a party to the 1976 compromise agreement between the mother and putative father as then required by Civil Code section 7008, he is not barred by the court-approved compromise. Failure to join him deprived the court of jurisdiction to determine the paternity issue.

Thus, the minor may properly proceed through his guardian ad litem to seek a determination of parentage pursuant to the Uniform Parentage Act. Moreover, since the county's action under Welfare and Institutions Code section 11350.1 is derivative from the child and depends upon the child's right to support (see *Morrison v. Superior Court* (1980) 100 Cal.App.3d 852, 855 [161 Cal.Rptr. 169]), the county's action is not barred by the compromise to which it was not a party or in privity with any party.

Finally, aside from the failure of the parties to comply with the statutory mandate in the paternity proceeding, the alleged compromise of the minor's paternity claim for the total sum of $2,000 is so patently absurd that the trial court could properly have found that a triable issue of fact exists on the issue of fraud and collusion in connection with the 1976 agreement.

For all the reasons stated herein, we conclude that the trial court did not abuse its discretion in denying the petitioner's motion for summary judgment.

The peremptory writ of mandate is denied and the alternative writ is discharged.

McDaniel, J., concurred.

**KAUFMAN, Acting P. J.,** Concurring and Dissenting.—I concur in the judgment and that portion of the majority opinion holding that the Parentage Act as it read in 1976 precluded the compromise of a minor's claim of paternity under Probate Code section 1431. I would also agree that a claim of paternity is not a "claim for damages, money or other property" under Probate Code section 1431. In other respects, however, I cannot ascribe to the propositions stated in the opinion. In particular I cannot agree that a claim against a parent can in no case be a claim against a "third person," and I certainly cannot agree that a compromise of a minor's claim for $2,000 is necessarily patently absurd.

A petition for a rehearing was denied November 19, 1980, and the opinion was modified to read as printed above. Kaufman, Acting P. J., was of the opinion that the petition should be granted. Petitioner's application for a hearing by the Supreme Court was denied January 21, 1981.