[Sac. No. 5339.   In Bank.—June 30, 1941.]

STOCKTON SAVINGS & LOAN BANK (a Banking Corporation), Respondent, v. CHRIS MASSANET et al., Appellants.

Glensor & Schofield and J. LeRoy Johnson for Appellants.

Nutter & Rutherford, Rutherford, Jacobs, Cavalero & Dietrich, D. R. Jacobs, Philip Cavalero and Stephen Dietrich for Respondent.

CARTER, J.—This is an appeal by defendants from a judgment by the court sitting without a jury for a deficiency after a sale under a trust deed covering defendants' real property.

The note and trust deed which were the basis of plaintiff's action for a deficiency were executed by defendants on August 20, 1935. The note was payable one year after date. Defendants having failed to pay the note, plaintiff recorded notice of default and election to sell on January 6, 1938. Thereafter, on May 4, 1938, the property was sold under the power of sale in the trust deed for a sum less than the amount of the note. Although defendants in their answer denied certain allegations in plaintiff's complaint, the truth thereof was stipulated at the trial. Defendants pleaded in defense to plaintiff's action that the trust deed was a purchase money trust deed and that therefore no action for a deficiency would lie by reason of section 580b of the Code of Civil Procedure.

On motion of plaintiff made prior to trial the court struck that defense from defendants' answer. Nevertheless at the trial, over plaintiff's objection, the trial court permitted evidence to be adduced on the question of whether or not the instrument was a purchase money trust deed, remarking in so doing:

"I might say this: That in view of the fact that I anticipate you intend to appeal, it might be just as well to take this testimony so that if you are successful in the Appellate Court, the court there can enter judgment rather than send it back for trial." The court found that all of the allegations of the complaint were true and that all of the allegations in defendants' answer were untrue. Whether the court was referring to the answer with the stricken part omitted or as a part thereof does not appear. However, it is immaterial for the reason that if it be assumed that there was a finding that the trust deed was not a purchase money trust deed, that finding is not supported by the evidence as will be hereinafter seen.

■ The first issue presented by this appeal is, assuming the trust deed was a purchase money trust deed, was the plaintiff entitled to a deficiency judgment under section 580b of the Code of Civil Procedure, added in 1933, prior to the execution of the trust deed here involved, which read:

"No deficiency judgment shall lie in any event after any sale under a deed of trust or mortgage given to secure payment of the balance of the purchase price of real property." (New section added June 2, 1933; Stats. 1933, p. 1673.) It is plaintiff's position that by reason of a clause in the statute of 1933, which added section 580b to the Code of Civil Procedure, that section was effective only until September 1, 1936, and that inasmuch as the sale under the trust deed was made in 1938, said section is not applicable. The statute of 1933, (Stats. 1933, p. 1669) besides adding section 580b, contained eight other sections which accomplished the following: Amended section 2924 of the Civil Code, relating to the recording of notices of default; added sections 2924b and 2924c to the Civil Code, relating to the recording of notices of default, and reinstating loans, respectively; added sections 580a, 580c, and 725a to the Code of Civil Procedure, relating respectively, to limits on the amount of deficiency judgments and time for commencing action, and the amount of attorneys' and trustees' fees under trust deeds, and permitting an action

to foreclose a trust deed; added 2924½ to the Civil Code, relating to mortgages and trust deeds. Each of those additions and amendments was made by a separate section in the 1933 act, section 5 thereof adding section 580b; section 9 contains the customary declaration that if any part of the act is found unconstitutional the remainder is not to be affected; section 8 adds section 2924½ to the Civil Code and reads:

"Sec. 8. A new section to be numbered section 2924½ is hereby added to the Civil Code, to read as follows:

"2924½. No judgment shall be rendered for the balance due upon any obligation which was secured by a deed of trust or mortgage with power of sale upon real property following the exercise of such power of sale, if exercised at any time between the effective date of this act and September 1, 1935, unless it shall affirmatively appear that the notice of breach, and election to sell provided for in section 2924 of the Civil Code, pursuant to which such sale was held, was recorded at least one year before the date of such sale. *This act and the provisions of this section shall be effective to and until September 1, 1936.*" It is the italicized portion of that section upon which respondent relies for its contention that all of the additions and amendments in the 1933 act were to be effective only until September 1, 1936. With that contention we cannot agree. Obviously, the intention of the legislature was to limit the period of operation of section 2924½ of the Civil Code only. It is the only provision in the entire series of added and amended sections which is definitely in the nature of a moratorium or temporary postponement of mortgage and trust deed foreclosures, and therefore logically and reasonably restricted as to the time during which it would operate. All the other sections deal with statements of procedure and substantive policy with reference to trust deeds and mortgages, which by their nature are more permanent in character and have no necessary relation to the purposes ordinarily sought to be accomplished in an endeavor to give temporary relief to debtors. It is to be noted that the sentence in question appears as a part of section 8 of the act and in the same paragraph as the balance of that section whereas the sections adding 580b and other sections are separate and independent sections. The legislature realizing that the use of the words "This act" in said sentence might create some confusion and ambiguity, reenacted sections 580a, 580b, 580c and 725a of

the Code of Civil Procedure and sections 2924, 2924b and 2924c of the Civil Code in 1935 (Stats. 1935, p. 1805) and Section 9 of that act provided:

"It is the intent of this act to reenact sections 2924, 2924b and 2924c of the Civil Code and sections 580a, 580b, 580c and 725a of the Code of Civil Procedure in order to continue the same in effect subsequent to September 1, 1936, and *remove any ambiguity created by the language of section 2924½ of the Civil Code as added by an act approved June 2, 1933, as to the time said sections shall be effective.* It is intended that sections 2924, 2924b and 2924c of the Civil Code and sections 580a, 580b, 580c and 725a of the Code of Civil Procedure shall be effective without any time limitation thereon." ■■■ This expression by the legislature concerning the existence of an ambiguity and the declaration of the intent of the 1933 act, although not binding upon this court in its construction of the 1933 act, is a factor that may properly be considered in correctly determining the meaning and effect of the sentence in question. (*Bates* v. *McHenry,* 123 Cal. App. 81, 92, 93 [10 Pac. (2d) 1038]; *Rutledge* v. *Dominguez,* 122 Cal. App. 680, 684 [10 Pac. (2d) 1027].) That is not giving a retroactive effect to a statute, because the meaning of the statute to be interpreted has always been the same. The subsequent legislation interpreting the statute construed, does not change the meaning; it merely supplies an indication of the legislative intent which may be considered together with other factors in arriving at the true intent existing at the time the legislation was enacted. In the case of *Kirkpatrick* v. *Stelling,* 36 Cal. App. (2d) 658, 673 [98 Pac. (2d) 566], (hearing denied by this court) the District Court of Appeal considered the identical question here involved with respect to section 580a of the Code of Civil Procedure which was added by section 4 of the 1933 act. We are satisfied with the conclusion there reached, and quote with approval the language there used:

"In a supplemental brief filed by appellant it is urged that when section 580a of the Code of Civil Procedure was enacted in 1933, it was made self-limiting for a period of a little over three years; that the note and deed of trust here involved were executed on July 7, 1934; that the 1933 statute, including its self-limiting provisions, became part of the note and deed of trust; that the statute expired in September, 1936; that the sale took place in January, 1938; that at that time,

but for its reenactment in 1935, section 580a as enacted in 1933 would have been nonexistent and appellant would have had all the rights and remedies that existed prior to its adoption. Based on these premises, it is urged that the 1933 statute cannot be applied to this transaction because it had expired; and that the 1935 reenactment cannot be applied to notes and deeds of trust executed in 1934, because to do so would be to give the 1935 statute a retroactive effect, which, it has been held, in the many cases cited earlier in this opinion, cannot be done.

''To this argument there are at least two complete answers. In the first place, section 580a of the Code of Civil Procedure as enacted in 1933, in our opinion, was not limited as to time. That section was part of the statute adding several new sections to and amending various other sections of the Civil Code and Code of Civil Procedure. (Stats. 1933, p. 1669, chap. 642.) The statute has nine separate distinct and wholly self-sufficient sections. Each section of the act, with the exception of section 9, either amends some section of the codes, or adds a new section thereto. Section 9 is the severability section. Section 4 is the section that provides for the addition of section 580a to the Code of Civil Procedure. In that section nothing is said as to any limitation of time—as there added to the Code of Civil Procedure the section is not limited as to time. Section 8 adds section 2924½ to the Civil Code. At the end of that section, without a new paragraph, and with nothing to indicate that the sentence applies to any other section but section 8, appears this sentence: 'This act and the provisions of this section shall be effective to and until September 1, 1936.' In spite of the use of the word 'act' in this sentence, the only reasonable conclusion is that the time limitation was intended to apply only to section 2924½ of the Civil Code. This is the normal interpretation of section 8. If the legislature had intended the time limitation contained in the last sentence of that section to be applicable to all of the preceding seven sections, it would normally have added a separate section of the statute so declaring. At least it would have set the sentence forth in a separate paragraph.

''Apparently the legislature of 1935 had some doubts on the matter. Accordingly, they caused to be reenacted the seven sections that had been amended or added in 1933 (Stats. 1935, p. 1802, chap. 650), but they did not reenact section

2924½ of the Civil Code that contained the time-limitation clause, thus clearly indicating that in 1933 they had intended only section 2924½ of the Civil Code to be limited as to time, and that as to the other seven sections, including section 580a of the Code of Civil Procedure, no limitation was intended. Section 580a of the Code of Civil Procedure was expressly 'reenacted' in 1935. (Sec. 4, Stats. 1935, p. 1805, chap. 650.) By section 9 of the 1935 act the legislature declared: 'It is the intent of this act to reenact sections 2924, 2924b and 2924c of the Civil Code and sections 580a, 580b, 580c and 725a of the Code of Civil Procedure in order to continue the same in effect subsequent to September 1, 1935, and *remove any ambiguity created by the language of section 2924½ of the Civil Code as added by an act approved June 2, 1933, as to the time said sections shall be effective.* It is intended that sections . . . 580a . . . of the Code of Civil Procedure shall be effective without any time limitation thereon.' (Italics ours.) From this review of the situation it seems clear that the legislature of 1935 'reenacted' section 580a simply out of an abundance of caution. Such reenactment, in our opinion, was unnecessary. The 1933 statute, in so far as it enacted section 580a, was not limited as to time.''

There is a further answer to plaintiff's contention even if it be assumed that the duration of section 580b was limited by the 1933 act. It is to be remembered that the trust deed was executed after the 1933 act and was due prior to September 1, 1936, the time limit expressed. That statute became a part of the trust deed contract when executed and therefore plaintiff was bound by its provision that no deficiency judgment could be obtained. (*Hales* v. *Snowden,* 19 Cal. App. (2d) 366 [65 Pac. (2d) 847].) The District Court of Appeal also considered that proposition in the case of *Kirkpatrick* v. *Stelling, supra,* and stated at page 674:

''There is another answer to appellant's contention even though it be admitted that section 580a as passed in 1933 was operative only until September 1, 1936. Although the provisions of section 580a appertain to the remedy, in the many cases holding the section not retroactive already cited in this opinion, it was held that its provisions affected the substantial rights of the contracting parties to such a degree that to apply the statute to mortgages and deeds of trust executed prior to its passage would impair the obligation of contracts.

This holding is fatal to appellant's present contention. When this deed of trust and note were executed in 1934, the provisions of section 580a became an integral part of the contract the same as if written therein. By that section appellant's rights were limited. The fact the statute was to become inoperative in 1936 could in no way affect the contractual rights of respondent. If section 8 of the 1933 statute above-quoted is given its broadest possible meaning, the legal effect would simply be that as to all mortgages and deeds of trust executed between the effective date of section 580a in 1933, and September 1, 1936, regardless of when the sale was held, the rights of the parties were to be measured by the statute as it existed at the time the mortgage or deed of trust and note were executed. There is no warrant for the interpretation that, if the sale were to be held after September 1, 1936, the old law should be applicable. Such an interpretation would make the substantial rights of the respondent dependent on the mere whim or caprice of appellant. Here the note was executed and fell due prior to 1936. The rights of the parties must, therefore, be governed by the 1933 statute.''

■ It is true as asserted by plaintiff that if there is no ambiguity, uncertainty or doubt about the meaning of a statute and the words unequivocally express a certain definite thought, there is no room for interpretation or construction by the courts. (23 Cal. Jur. 721.) However, as we have seen there exists an uncertainty here because of the position in the act of the sentence in question, and the other reasons above-mentioned. Furthermore, it is reasonable to conclude that the words "this act" mean the part of the act adding section 2924½ of the Civil Code. The choice of the words "this act and the provisions of this section" may have been used out of an abundance of caution to avoid any confusion that might arise from any fancied or real distinction between the act itself as distinguished from the section which was added and made a part of the Civil Code by said act.

■ There is no substantial dispute as to the facts bearing upon the issue of whether or not the trust deed here in question is a purchase money trust deed within the meaning of section 580b of the Code of Civil Procedure. Mrs. Gleason acquired the property from Mr. Soler and at the time of the acquisition she discharged an encumbrance against the property by obtaining a loan from plaintiff secured by a trust

deed on the property. After holding the property for some time, and being in default under the trust deed an arrangement was made whereby she conveyed the property to plaintiff in return for which plaintiff released her from liability under said trust deed and the note secured thereby. As a part of the same transaction plaintiff conveyed the property to defendants, and the latter gave plaintiff their note and trust deed on the property (the trust deed here involved) in the sum of about $12,200, the same being the amount due under the note and trust deed theretofore held by plaintiff against Gleason, and also defendants gave to Gleason a lease on the property and a note for $2,651.08 secured by a second trust deed on the property. It was agreed that the last-mentioned trust deed would be subordinated to the one here involved. In the lease from defendants to Gleason it is recited that defendants are the owners of the property and were giving the lease in return for a conveyance of the property by Gleason to defendants. That recital is of course squarely contrary to the indisputable facts inasmuch as Gleason did not convey the property to defendants, but instead conveyed it to plaintiff who conveyed it to defendants. The lease had been prepared under a prior arrangement, which was never consummated, by which Gleason was to convey to defendants who were to assume Gleason's indebtedness owed to plaintiff. Even if it be accepted that Gleason and not plaintiff was the vendor of the property, the fact remains that the trust deed and note were not merely a renewal or continuation of the note and trust deed owed by Gleason because the latter was released and eliminated when Gleason conveyed to plaintiff and the plaintiff released Gleason from liability thereunder. Plaintiff released one debtor (Gleason) and acquired another (defendants). Although no money was in fact advanced by plaintiff to defendants under the note and trust deed, plaintiff did accept defendants as its debtors and extended credit to them in return for which it was made possible for defendants to purchase the property. The sum represented by the note and trust deed was a necessary part of the purchase price. Gleason being in default under her trust deed, it was necessary for her to require defendants to make some arrangement by which the trust deed could be discharged. If a person purchases encumbered property and assumes the encumbrance, the amount of the indebtedness is certainly a part of the pur-

chase price. Here there is more than a mere assumption of the encumbrance which would probably be a mere continuation of the loan. The plaintiff as record owner of the property, conveyed title thereof to defendants and received from defendants the note and trust deed here involved as the full purchase price of the property. These facts make it clear that the note and trust deed constituted the purchase price paid by defendants which brings the case clearly within the provisions of section 580b of the Code of Civil Procedure. This is all we are called upon to decide in this case.

The record in the case at bar discloses that notwithstanding the order of the trial court striking from defendant's answer the defense that the note and trust deed here involved were executed to cover partial payment of the purchase price of real property and therefore no action for a deficiency judgment would lie by reason of the provisions of Section 580b of the Code of Civil Procedure, the court nevertheless permitted the parties to introduce evidence disclosing the entire transaction between the parties, and there seems to be no dispute as to the facts in connection with said transaction. In view of the conclusion which we have reached in the foregoing opinion, it is obvious that the trial court should have made a finding to the effect that the trust deed constituted a purchase money trust deed, and determined as a conclusion of law that defendants were not liable for any deficiency arising as the result of the sale of the property covered by the trust deed.

From what we have heretofore said, it is clear that no useful purpose can be served by a retrial of this case, and it is therefore ordered that the judgment be and the same is hereby reversed with directions to the trial court to make findings and enter judgment in favor of the defendants in accordance with the views herein expressed.

Traynor, J., Edmonds, J., Shenk, J., Spence, J., *pro tem.*, and Gibson, C. J., concurred.