[Civ. No. 9724.   Third Dist.   Feb. 18, 1960.]

DALE W. FLEWELLING, Respondent, v. BOARD OF TRUSTEES OF AMERICAN RIVER JUNIOR COLLEGE DISTRICT, etc., et al., Appellants.

John B. Heinrich, County Counsel (Sacramento), William A. Green, Deputy County Counsel, and Robert W. Harrison for Appellants.

Johnson & Stanton, Gardiner Johnson and Thomas E. Stanton, Jr., for Respondent.

WARNE, J., pro tem.*—This is an appeal from a judgment ordering the issuance of a peremptory writ of mandate commanding the reinstatement of respondent as a permanent, full-time teacher in the American River Junior College District.

The American River Junior College is maintained by the American River Junior College District which was formed in 1954 for the purpose of taking over junior college grades 13 and 14 which had theretofore been maintained by the Grant Union High School District under the name of the Grant Technical College.

*Assigned by Chairman of Judicial Council.

For three consecutive school years, namely 1952 to 1955, respondent was employed as a full-time teacher by the Grant Union High School District. During the first of those years he taught in a junior high school in the district and during the last two years at the Grant Technical College. Early in May of 1955 the district offered, and respondent accepted on May 17, 1955, a contract for the following year under which he would have been classified as a permanent employee under the terms of section 13081 of the Education Code. However, on June 30, 1955, the Grant Technical College ceased to operate and its functions were taken over by the American River Junior College District. Prior to this time respondent and a number of other teachers at Grant Technical College had been offered positions by the American River Junior College District. Therefore those teachers were requested by the district superintendent of the Grant Union High School District to notify him in writing if they were going to accept employment with the American River Junior College District. This respondent did by submitting a letter of resignation under date of May 18, 1955. On June 10 he accepted the written offer of employment by the American River Junior College and taught at that junior college during the following school year. The contract under which he was employed, like all of the other contracts issued initially to members of the Grant Technical College faculty, indicated a probationary classification.

By a letter dated May 10, 1956, respondent was notified that his services would no longer be required. Following his dismissal respondent instituted this proceeding wherein he sought a writ of mandate to compel his reinstatement.

The pertinent question presented on this appeal is whether respondent acquired permanent tenure under section 13081 of the Education Code by reason of the fact that he taught in the Grant Union High School for three consecutive school years immediately preceding the year he taught in the American River Junior College. Prior to May 25, 1955, section 13093 of the Education Code provided:

"The division, uniting, unionization, unification, or consolidation of any school district or districts, or any change in school district boundaries or organization, shall not affect the classification of certificated employees already employed by any school district affected. Such employees shall have the same status with respect to their classification by the district,

including time served as probationary employees of the district after the division, uniting, unionization, unification, or consolidation, or change in school district boundaries or organization as they had prior thereto. If such division, uniting, unionization, unification, or consolidation, or change in school district boundaries or organization results in the school or other place in which any such employee is employed being maintained by another district, any such employee, if a permanent employee of the district which formerly maintained such school or other place of employment, shall be employed as a permanent employee of the district which thereafter maintains the school or other place of employment, unless such employee elects to continue in the employ of the first district. If such employee is a probationary employee of the district which formerly maintained such school or other place of employment, he may be employed by the district which thereafter maintains the school or other place of employment, and if so employed, his status with respect to classification by such district shall be the same as it would have been had the school or other place of employment continued to be maintained by the district which formerly maintained it.

''In case the unionization, unification, uniting, or consolidation of two or more school districts results in a district in which, under the provisions of this code then in effect, the certificated employees are entitled to probationary or permanent classification, the employees of the union, unified, or consolidated district, or of the school district formed by uniting two or more school districts shall be given such classification on the same basis as certificated employees in other districts of like average daily attendance.''

Early in 1955 some teachers in the Grant Union High School District requested the superintendent thereof to ascertain whether the above-quoted section would apply to those of them who might accept employment for the following school year with the American River Junior College District. As an outgrowth thereof, a bill to clarify the matter was introduced in the Legislature. The bill was passed, approved by the Governor, and went into effect on May 25, 1955. To section 13093 of the Education Code it added the following: ''As used in . . . this section 'any change in school district boundaries or organization' includes, but is not limited to, the formation of a junior college district which includes a high school district maintaining a junior college.''

The enactment was declared to be an emergency measure because: "It is not clear, however, whether this section is applicable in those instances in which a new junior college district is formed to include a high school district maintaining a junior college. In order that the governing boards of newly formed junior college districts may know the status of certificated employees of high school districts who were classified as probationary or permanent employees while serving in the junior college of such district at the earliest possible moment, it is essential that this act take effect immediately." (Stats. 1955, ch. 726, § 4, pp. 1220-1221.)

Appellants contend that the 1955 amendment to section 13093 of the Education Code adopted as an emergency measure created a vested right or interest in respondent where none theretofore existed; was not a clarifying amendment; and was not retroactive in its application. They argue that notwithstanding the legislative declaration to the contrary, the new act changed the existing law. We cannot agree with this contention. The situation is like that discussed by the Supreme Court in *Stockton Sav. & Loan Bank* v. *Massanet*, 18 Cal.2d 200, at page 204 [114 P.2d 592]. There the Legislature had passed an act, the declared purpose of which was to " '. . . *remove any ambiguity created by the language of section 2924½ of the Civil Code as added by an act approved June 2, 1933, as to the time said section shall be effective.* It is intended that sections 2924, 2924b and 2924c of the Civil Code and sections 580a, 580b, 580c and 725a of the Code of Civil Procedure shall be effective without any time limitation thereon.' " The Supreme Court said: "This expression by the legislature concerning the existence of an ambiguity and the declaration of the intent of the 1933 act, although not binding upon this court in its construction of the 1933 act, is a factor that may properly be considered in correctly determining the meaning and effect of the sentence in question. (*Bates* v. *McHenry*, 123 Cal.App. 81, 92, 93 [10 P.2d 1038]; *Rutledge* v. *Dominguez*, 122 Cal.App. 680, 684 [10 P.2d 1027].) That is not giving a retroactive effect to a statute, because the meaning of the statute to be interpreted has always been the same. The subsequent legislation interpreting the statute construed, does not change the meaning; it merely supplies an indication of the legislative intent which may be considered together with other factors in arriving at the true intent existing at the time the legislation was enacted." (See 50 Am.Jur., Statutes, § 220.)

Turning now to section 13093 as it existed before the clarifying act was passed, we think it upholds the judgment appealed from. The language of the section pertinent here is that which declares that ". . . any change in school district boundaries or organization, shall not affect the classification of certificated employees already employed by any school district affected . . ." and that ". . . if such change in school district . . . organization results in the school . . . in which any such employee is employed being maintained by another district, . . . if such employee is a probationary employee of the district which formerly maintained such school . . . he may be employed by the district which thereafter maintains the school . . . and if so employed, his status with respect to classification by such district shall be the same as it would have been had the school continued to be maintained by the district which formerly maintained it." The word "school" as here used clearly applies to the junior college being maintained by the Grant Union High School in which respondent was teaching when the change in school organization placed the school work so being done within the jurisdiction of the newly-organized American River Junior College District. This construction harmonizes with the legislative construction found in the clarifying act and with the underlying policy of the section which is to prevent changes in school districts and school organization from adversely affecting the achievement by teachers of permanent status as authorized and encouraged by the tenure laws.

The classification of respondent as a probationary employee is of no legal consequence. He had taught for three full years in the Grant Union High School District, had been elected for the fourth school year and had duly entered into a contract with said district for said ensuing year, that is 1955-1956, but thereafter resigned for the sole purpose of accepting employment with a new district formed by the appellants which was to take over some of the grades taught by the Grant Union High School District. The respondent had successfully served under contract as a teacher for three full school years, and having been reappointed as a teacher in the same school, he automatically obtained the status of a permanent teacher therein. (*Gastineau* v. *Meyer*, 131 Cal.App. 611 [22 P.2d 31] ; *Sherman* v. *Board of Trustees*, 9 Cal.App.2d 262, 265 [49 P.2d 350].) Even if it were otherwise, his contract with the appellants gave him tenure. (*Holbrook* v. *Board*

*of Education,* 37 Cal.2d 316, 333-334 [231 P.2d 853].) It is immaterial whether the parties knew this, or whether they entered into the contract by reason of a mutual mistake as to the status of respondent in this regard. ■ The failure of appellants to classify respondent as a permanent employee did not prevent him from obtaining that status, for, as stated in *La Rue* v. *Board of Trustees,* 40 Cal.App.2d 287, 293 [104 P.2d 689], with respect to school districts such as the one involved here, ". . . when by the operation of law a teacher is entitled to classification as a permanent employee the failure of the school board to so classify such teacher does not prevent the classification, but the same inures by operation of the statutes. [Citations]." (See also *Holbrook* v. *Board of Education, supra; Beseman* v. *Remy,* 160 Cal.App.2d 437, 441 [325 P.2d 578]; *Sherman* v. *Board of Trustees, supra; La Shells* v. *Hench,* 98 Cal.App. 6, 12 [276 P. 377].)

■ Nor was the continuity of respondent's service towards tenure interrupted by his letter of resignation. The letter of resignation was submitted at the request of the District Superintendent of the Grant Union High School District who wanted to know whether respondent, as well as other members of the Grant Technical College faculty, intended to stay with the Grant district or transfer to employment with the appellant junior college district. It seems clear to us that neither party had any intention of terminating respondent's tenure rights when the resignation was submitted and accepted, but to the contrary, the letter was presented solely for the purposes of complying with the request of Grant Union for information and to enable respondent to transfer to the American River Junior College District without loss of tenure. (*Sherman* v. *Board of Trustees, supra.*)

We deem it unnecessary to discuss any of the other points presented in the briefs.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 13, 1960.