[Civ. No. 47772. Second Dist., Div. Four. Aug. 19, 1976.]

LOS ANGELES COUNTY DEMOCRATIC CENTRAL
COMMITTEE et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES et al.,
Defendants and Respondents.

336

## COUNSEL

Zetterberg & Zetterberg, Stephen I. Zetterberg, Posner & Newman and Jack M. Newman for Plaintiffs and Appellants.

John H. Larson, County Counsel, and Edward G. Pozorski, Deputy County Counsel, for Defendants and Respondents.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs appeal from an order dismissing their complaint after a demurrer thereto had been sustained. For the reasons set forth below, we reverse the judgment.

This is a purported class action,[1] brought by the Los Angeles County Democratic Central Committee and various members of that committee and of comparable committees of other political parties, against the County of Los Angeles and the county registrar of voters. It seeks, in the first cause of action, declaratory relief that the plaintiff class is not subject to a penalty, under section 11604 of the Elections Code, for a late filing[2] of

---

[1] Under Rubric III of this opinion we discuss the class action issue.

[2] At the hearing in the trial court, counsel for plaintiffs stated: ". . . we do not purport to state any defense for the person who has not filed any statement, . . . then you are not really in the class [of plaintiffs]. It is those who have filed statements and filed it late, and . : . they have not spent $500."

the statement required under section 11559 of that code from candidates for public office who collected and spent less than $500. Count II seeks both prohibitory and mandatory injunctions restraining the defendants from attempting to collect that penalty and to require them to refund any penalties previously paid. After argument, the trial court sustained a demurrer to the complaint and dismissed the action.[3] Plaintiffs have appealed; we reverse.

## I

Preliminarily, we hold that the trial court erred in sustaining a demurrer to the first cause of action. The basic rule is that, if an actual controversy appears from the complaint (as it does here), the plaintiff is entitled to the declaration of rights that he seeks, whether that declaration is in his favor or is adverse to his position. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 730, pp. 2350-2351.) It is true that, in some cases, where plaintiff clearly was entitled at best only to an adverse declaration, and where the appellate opinion expressly so holds, appellate courts have sustained a demurrer on the theory that the appellate opinion gave to plaintiff the declaration he sought. (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 732, pp. 2353-2354.) Since, as we point out below, plaintiffs in the case at bench are entitled to a favorable declaration on part of the controversy, we must reverse the judgment insofar as it denied declaratory relief.

## II

Plaintiffs contend that the penalty provided for by section 11604, as it stood at the time of the election herein involved,[4] did not apply to the

---

[3]Plaintiff also sought a preliminary injunction, staying enforcement proceedings pending the appeal. The trial court denied that request. Plaintiffs thereafter sought a stay order from this court, which was denied on the stated ground that appeal was an adequate remedy. (2d Civ. 46663.) On remand, the request for injunctive relief, temporary and permanent, can be renewed if plaintiffs so elect.

[4]Section 11604, enacted in 1973 (Stats. 1973, ch. 1186), and in force at the time of the election herein involved, reads as follows:

"If any person files a campaign statement after any deadline imposed by this chapter he shall, in addition to any other penalties or remedies established by the chapter, be liable in the amount of ten dollars ($10) per day after the deadline until the statement is filed, to the officer with whom the statement is required to be filed. Said officer shall deposit any funds received under this section into the general fund of the state, county, or city of which he is an officer. No liability under this section shall exceed the cumulative total amount of receipts stated in the late campaign statement, or fifty dollars ($50), whichever is greater."

exemption statement required by section 11559,[5] but only to the full-dress statement required by section 11518. They base that contention on the ground that section 11604 speaks only of "campaign" statements and that the "in lieu" (Elec. Code, § 11559) certificate is not a "campaign" statement. In that connection they argue, also, that the difference in language between section 11518 (which admittedly is the kind of statement referred to in section 11604) and that in section 11559, together with the use in section 11604 of the words "campaign statement" make the whole penalty provisions vague and ambiguous; thus calling into play the authorities which say that a penalty provision should be construed strictly.

■ We disagree. The purpose of the Waxman-Dymally Campaign Disclosure Act,[6] of which the sections herein involved form a part, is as stated in section 11501:

"The Legislature finds and declares as follows:

"(a) The people have a right to expect from their elected representatives at all levels of government assurances of the utmost in integrity, honesty, and fairness in their dealings;

"(b) The people further have a right, in order to knowledgeably vote for both candidates and measures, to a true and timely disclosure of the identity of financial backers and the extent of their financial support;

"(c) This chapter shall be broadly construed so that its ends are achieved."

As the trial court here commented:

"Now, if you look at the broad purpose of the statute, if you can't require somebody to file either an in-lieu statement or a campaign

[5]Election Code section 11559: "Whenever any provision of this chapter requires the filing of a campaign statement by a candidate, the candidate may in lieu thereof file a statement signed under penalty of perjury that to the best of his knowledge not more than five hundred dollars ($500) has been received or expended on behalf of or in support of his or her candidacy."

[6]Election Code, section 11500: "This chapter shall be known and may be cited as the Waxman-Dymally Campaign Disclosure Act."

statement within a certain amount of time, how is anybody going to know whether the candidates collected more than $500?

"...  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"THE COURT: Except for 11559, any candidate would have to file the full blown campaign statement; is that right?

"MR. NEWMAN: That's correct.

"THE COURT: Now, 11559 says that in lieu of filing a long statement, you can file a short statement if you haven't spent or collected more than $500.

"If it is in lieu, it is just a substitute for. If it is a substitute for, it would seem to me that 11604 would apply. And I frankly don't understand fully the argument why it shouldn't apply.

"It seems to me that having it apply is fully consistent with all the other obvious purposes of this statute, and that is to give a candidate an incentive to comply with the law, where otherwise the candidate may not have any realistic incentive. The whole thing seems to hang together, if you look at it that way."

We construe section 11604 as applicable both to the "in lieu" statements permitted by section 11559 and to the longer and more explicit statements required by section 11518.[7]

## III

However, in 1974, after the election herein involved but prior to the filing of the complaint herein,[8] the Legislature amended section 11604, to read as follows:

---

[7]Plaintiffs argue that the forms provided by defendant registrar and by the Secretary of State were themselves misleading and not in compliance with the statute. We regard that contention as frivolous. Admittedly, had any of the plaintiffs filed a statement on either form the defendant registrar would have regarded it as a compliance with section 11559.

[8]The amendment was adopted by an urgency act, becoming effective on September 20, 1974. The complaint herein was filed on June 3, 1975. We are not advised as to the dates on which defendants filed the small claims action against some of the plaintiffs; the complaint alleging only that some such actions had been filed and were pending.

"(a) If any person files an original campaign statement after any deadline imposed by this chapter he shall, in addition to any other penalties or remedies established by this chapter, be liable in the amount of ten dollars ($10) per day after the deadline until the statement is filed, to the officer with whom the statement is required to be filed. Liability need not be enforced by the filing officer if on an impartial basis he determines that the late filing was not willful and that enforcement of the liability will not further the purposes of the act, except that no liability shall be waived if a campaign statement is not filed within five days after the filing officer has sent specific notice of the filing requirement.

"(b) If any person files a copy of a campaign statement after any deadline imposed by this chapter, he shall, in addition to any other penalties or remedies established by this chapter, be liable in the amount of ten dollars ($10) per day, starting five days after the filing officer has sent specific notice of the filing requirement and until the statement is filed.

"(c) The officer shall deposit any funds received under this section into the general fund of the state, county, or city of which he is an officer. No liability under this section shall exceed the cumulative total amount of receipts stated in the late campaign statement, or fifty dollars ($50), whichever is greater."

In adopting that amendment the Legislature said, in section 4 of chapter 979, Statutes of 1974: "The Legislature finds and declares that the amendments to Section 11604 of the Elections Code contained in this act which make the imposition of the fine by filing officers discretionary rather than mandatory are declaratory of the legislative intent in enacting Chapter 1186 of the Statutes of 1973. The Legislature further finds and declares that it is necessary to impose a fine for late filing of copies after reasonable notice is given to the late filer because Section 11604 hitherto imposed no fine for the filing of late copies and some sanction is necessary to encourage prompt filings of copies."

Plaintiffs argue that that amendment had a retroactive effect and required defendant registrar to exercise a discretion in assessing and collecting the penalties herein involved. Admittedly, the registrar has

taken the position that he had, and has, no discretion as to those penalties.[9]

■ (1) Whether the 1974 amendment has any retroactive effect, we conclude that it does operate to require the registrar to exercise a discretion as to any enforcement action taken after its effective date. The clear language of the 1974 amendment refers to "enforcement"; to the extent that activities look to the actual collection of the penalties, the amendment has, at least, a prospective effect. That would include the filing of any new actions, the prosecution of any pending actions, and steps looking toward the enforcement, by execution or otherwise, of any judgments not then satisfied.

(2) In *County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662 [114 Cal.Rptr. 345, 522 P.2d 1345], our Supreme Court considered similar language in the 1974 amendments to the conflict of interest statutes enacted in 1973. The court said (at p. 675): "Although the amendment does not take effect until January 1, 1975, the Legislature has expressly found and declared 'that the amendments effected by this act are declaratory of the legislative intent in enacting' the 1973 act. (Stats. 1974, ch. 48, § 6, p. 161.) Although we are not bound by the Legislature's statement regarding the 1973 legislation, that statement properly may be considered in construing the provision in question. (See *West Pico Furniture Co.* v. *Pacific Finance Loans,* 2 Cal.3d 594, 609-610 [86 Cal.Rptr. 793, 469 P.2d 665]; *Stockton Sav. & Loan Bank* v. *Massanet,* 18 Cal.2d 200, 204 [114 P.2d 592]; *Flewelling* v. *Board of Trustees,* 178 Cal.App.2d 168, 172 [2 Cal.Rptr. 891].) We conclude that the 1973 act should be interpreted as requiring only the limited disclosure contemplated by the 1974 amendment. As a practical matter, it seems evident in light of the 1974 amendment and the legislative declaration which accompanied it that no court would invoke the severe penalties of the 1973 act against one whose disclosure statement meets the requirements of the 1974 amendment."

We conclude that the same considerations apply to the amendment herein under consideration. The individual plaintiffs in this action were candidates for an office which, although technically a "public office," is, in reality, an office of a political party. Their dominant political bias is

[9]At the hearing in the trial court, the deputy county counsel stated: "And we have no option to do anything but penalize these people. We don't feel happy about it, but we feel the law compels us to."

obvious from the very title and nature of that office. They are the least sophisticated of all candidates. They receive no compensation, but may be required to contribute to the war chest of their party (Elec. Code, § 8945), and to invest time and effort on behalf of all nominees of their party. In this case, we think that a legislative intent to permit a discretionary release of such candidates, conditioned on their ultimate filing of an in lieu statement, was within the original contemplation of the Legislature and that its formal declaration to that effect should be respected.

## IV

The trial court, properly, ruled that a determination as to whether the action was properly a class action should not be made until after it was settled that the complaint stated a cause of action in anyone. Accordingly, no determination of that issue has yet been made. However, the issue has been argued in the briefs on appeal and, in light of our reversal of the judgment, must necessarily arise on remand. Accordingly, in the spirit of section 43 of the Code of Civil Procedure, we state our views on the issue.

We conclude that the action before us is one within the concept of a class action. The amount involved as to each plaintiff is small—$50 maximum only. The class, although consisting of about 500 persons, is not so large as to be unmanageable. The names and addresses of all members of the class are a matter of public record in the office of defendant registrar. That the statutory standards for a discretionary exemption may vary as between individual plaintiffs does not affect the right of the class to have a judicial declaration that the registrar should undertake his statutory duty. We cannot agree that a statutory duty can be avoided by a public officer merely because it involves time and effort on his part.

The judgment (order of dismissal) is reversed for further proceedings consistent with this opinion.

Dunn, J., and Jefferson (Bernard), J., concurred.