[No. A041670. First Dist., Div. Two. June 27, 1989.]

ROBERT E. HANNON, Plaintiff and Appellant, v.
WESTERN TITLE INSURANCE COMPANY, Defendant and
Respondent.

## COUNSEL

Robert E. Hannon, in pro. per., and John P. Hannon II for Plaintiff and Appellant.

Michael J. Veiluva, Margery Q. Lee, Victoria Robinson Smith and Alborg & Dictor for Defendant and Respondent.

## OPINION

**BENSON, J.**—In this appeal we are asked to decide as a matter of law whether, in the absence of specific escrow instructions, an escrow agent in a real estate transaction is under a duty to deposit escrow funds in an interest-bearing account pending disbursement to the parties. We determine there is no such duty and, accordingly, affirm the judgment.

### STATEMENT OF THE CASE

Plaintiff and appellant Robert E. Hannon filed a first amended complaint on behalf of himself and all others similarly situated against defendant and respondent Western Title Insurance Company and others. On February 26, 1988, the trial court sustained Western's demurrer to the first amended complaint without leave to amend. Plaintiff filed his notice of appeal from this order on March 11, 1988. A judgment of dismissal of the action was filed on March 16, 1988, and entered on March 17, 1988. On appeal plaintiff challenges the correctness of the trial court's order only as to the sustaining without leave to amend of the demurrer of Western to the first and second causes of action of the first amended complaint.

STATEMENT OF FACTS

We summarize the allegations of plaintiff's first cause of action for breach of fiduciary duty. On May 2, 1977, plaintiff sold an apartment house to a partnership referred to as "Perillo." Great Western Savings held a note secured by a deed of trust on the apartment house which was the obligation of plaintiff. On January 31, 1979, Perillo sold this apartment house by contract of sale to a group of people referred to as "Cornelius." In October 1986, Cornelius decided to pay off the balance owed on the contract of sale and to have title to the apartment conveyed to Cornelius. An escrow was opened with Western to accomplish this conveyance.

Plaintiff's written instructions to Western were to deliver a deed to the apartment house to Perillo when Western held for plaintiff funds of approximately $950,000 representing the balance owed on the contract of sale plus accrued interest, less the demand of Great Western Savings on its note and deed of trust and less transfer taxes and fees. Perillo's written instructions to Western were to deliver the deed to the apartment house to Cornelius when Western held for Perillo sufficient funds to pay off the balance owed by Cornelius to Perillo on the contract of sale, plus accrued interest, less the demand of plaintiff on his contract of sale and less transfer taxes and fees.

On November 13, 1986, Cornelius delivered its check for $2,471,544.95 to Western representing the balance owed on the Perillo contract of sale plus interest. That same day Western deposited the check in a separate depository account in the Bank of America. On November 14, 1986, Western delivered to plaintiff its check for $195,624.80 representing the balance owed by Perillo on plaintiff's contract of sale plus interest and less the demand of Great Western Savings, taxes and fees. The same day Western sent its check for the balance owed Great Western by plaintiff plus interest and sent its check to Perillo for the balance owed by Cornelius to Perillo on their contract of sale plus accrued interest to November 14, 1986, less the amount owed plaintiff by Perillo, plus accrued interest to November 14, 1986, less taxes and fees. The sum of $2,471,544.95 was the property of Cornelius on November 13, 1986, and the sum of $764,811.21 was the property of plaintiff from November 14, 1986, until that sum was paid to Great Western Savings.

Plaintiff alleges Western owed a fiduciary duty to Cornelius and plaintiff and had the duty to exercise ordinary skill and diligence in the management and investment of the funds deposited in escrow which it held in trust for Cornelius and plaintiff. By depositing the escrow funds in a noninterest-bearing account, Western breached its duty to deposit escrow funds in an interest-bearing account and failed to exercise ordinary skill and diligence

in the management and investment of these funds. Western's acts damaged plaintiff and Cornelius by causing them to lose interest they would have earned on the funds.

Plaintiff further alleges as part of his first cause of action that there is an actual controversy between plaintiff and Western concerning their rights and duties under Insurance Code section 12413.5 in that Western claims that if any damages for interest due on the escrow were owing, that interest would be due to Cornelius, not plaintiff, but plaintiff asserts he would be entitled to the interest after the deeds were delivered. Plaintiff seeks a declaration of the court as to which class members would be entitled to any damages recovered.

In his second cause of action entitled fraud, plaintiff incorporates by references the allegations of the first cause of action with the exception of the paragraphs that allege Western deposited the escrow funds in a noninterest-bearing account. He then alleges that Western received "interest, gratuities or other benefits" from the Bank of America in exchange for depositing the escrow funds into a noninterest-bearing account. Based on this allegation, plaintiff alleges Western dealt with "trust property" for its own benefit in violation of section 2229 of the Civil Code thus making it guilty of fraud under section 2234 of that code. The second cause of action seeks an accounting by Western of the benefits it received and also seeks punitive damages in an unspecified amount.

## DISCUSSION

*Jurisdiction of this court*

Preliminarily, we note this appeal was filed from the order sustaining Western's demurrers without leave to amend. Such an order is not appealable. We are at a loss to explain why the bar continues to ignore the requirement of a judgment of dismissal. Thereafter, the trial court entered a judgment of dismissal. Neither party raises this issue but treats the appeal as if appropriate. We shall, however, construe the notice of appeal to be from the subsequently entered judgment of dismissal. (*Smith v. Smith* (1954) 126 Cal.App.2d 194, 195 [272 P.2d 118].)

*Whether an escrow agent has a common law duty to deposit escrow funds in an interest-bearing account*

■ When reviewing an order sustaining a demurrer without leave to amend, this court must treat the demurrer as admitting all properly pleaded facts, but not contentions, deductions or conclusions of fact or law. We

must read the complaint as a whole and give it a reasonable interpretation. (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

■ Neither party cites any case which has decided whether there is a common law duty of an escrow holder to deposit escrow funds in an interest-bearing account absent an instruction to do so. Both parties rely on cases describing generally the duties of an escrow holder.

■ Plaintiff argues an escrow holder has a duty to exercise reasonable skill and ordinary diligence in performing its services. An escrow holder who acts negligently is liable for any loss occasioned by the breach of its duty. Plaintiff relies on *Spaziani* v. *Millar* (1963) 215 Cal.App.2d 667, 682 [30 Cal.Rptr. 658]. He reasons Western received a check for $2,417,544.95 from Cornelius and the only decision Western had to make was whether to put the money in an interest-bearing account or a noninterest-bearing account. Plaintiff claims Western was negligent in that it violated its duty of reasonable skill and diligence by choosing the noninterest-bearing account.

■ "An escrow holder is the limited agent and fiduciary of all parties to an escrow. The agency is limited because the escrow agent only represents his principals insofar as he carries out the escrow instructions. . . . [¶] An escrow holder has a fiduciary duty 'to communicate to his principal knowledge acquired in the course of his agency with respect to material facts which might affect the principal's decision as to a pending transaction, particularly where . . . he knows that the principal is looking to him for protection as to those very facts of which he has knowledge.' A breach of this fiduciary duty or the failure to exercise reasonable skill and diligence in carrying out the escrow instructions subjects the escrow holder to liability. Likewise, the escrow agent is liable for any loss caused by his failure to strictly comply with his principal's instructions or by his disposal of escrow property in violation of those instructions." (*Kirby* v. *Palos Verdes Escrow Co.* (1986) 183 Cal.App.3d 57, 64-65 [227 Cal.Rptr. 785], citations omitted.)

Many courts have described the relationship between the escrow holder and the parties to the escrow. "'An escrow holder must comply strictly with the instructions of the parties. (*Rianda* v. *San Benito Title Guar. Co.,* [1950] 35 Cal.2d 170, 173 . . . .) Upon the escrow holder's breach of an instruction that it has contracted to perform or of an implied promise arising out of the agreement with the buyer or seller, the injured party acquires a cause of action for breach of contract. [Citations.] Similarly, if the escrow holder acts negligently, "it would ordinarily be liable for any loss occasioned by its breach of duty." (*Rianda* v. *San Benito Title Guar. Co.,*

*supra*, . . .)' (*Amen* v. *Merced County Title Co.* (1962) 58 Cal.2d 528, 531-532 [25 Cal.Rptr. 65, 375 P.2d 33].) The escrow holder is a fiduciary of the parties to the escrow. (*Id.*, at p. 534.) An escrow holder has no general duty to police the affairs of its depositors, however. An escrow holder's agency is limited to faithful compliance with instructions. (*Schaefer* v. *Manufacturers Bank* (1980) 104 Cal.App.3d 70, 77-78 [163 Cal.Rptr. 402], and cases there cited.)" *Claussen* v. *First American Title Guaranty Co.* (1986) 186 Cal.App.3d 429, 435-436 [230 Cal.Rptr. 749].)

■ Plaintiff relies on these general statements that an escrow agent is an agent of all the parties to the escrow, bears a fiduciary relationship to the parties and acts as the agent of each of the parties. This reliance is misplaced. ■ As explained in *Schaefer* v. *Manufacturers Bank, supra,* 104 Cal. App.3d 70: "[d]espite the generality [of the descriptions of the obligations of the escrow holder], it is clear that the agency which exists (and the obligation pursuant thereto) is a limited one. 'If the several escrow instructions create in the escrow holder an agency, it must be one limiting the obligations of the escrow holder to each party to the escrow in accordance with the instructions given by such party.' . . . . '[I]t is generally held that no liability attaches to the escrow holder for his failure to do something not required by the terms of the escrow or for a loss incurred while obediently following his escrow instructions.' " (*Id.* at pp. 77-78; see also *Axley* v. *Transamerica Title Ins. Co.* (1978) 88 Cal.App.3d 1, 8-9 [151 Cal.Rptr. 570].) ■ ■ Because the agency is a limited one, we hold that an escrow holder has no duty to deposit funds in an interest-bearing account, absent instruction to do so.

Plaintiff also claims in the first cause of action that Western violated its duty of reasonable skill and diligence and thus was negligent. Negligence, however, cannot exist without the breach of a duty to the injured party. (*Zang* v. *Northwestern Title Co.* (1982) 135 Cal.App.3d 159, 166 [185 Cal.Rptr. 176].) Since we find no duty of the escrow holder to deposit the funds in an interest-bearing account, there can be no negligence.

In the alternative, plaintiff asserts his first cause of action states a cause of action for declaratory relief and he is entitled to a declaration of his rights even if that declaration would be adverse to his position. (*Los Angeles County Democratic Central Committee* v. *County of Los Angeles* (1976) 61 Cal.App.3d 335, 338 [132 Cal.Rptr. 43].) The issue presented is whether under Insurance Code section 12413.5 the interest received on funds held in escrow would be due to the buyer Cornelius as the depositor of the funds or to plaintiff. ■ However, an action for declaratory relief will not lie where the relief sought anticipates an issue which could be determined in the main action. " 'The object of the statute [Code Civ. Proc., § 1060] is to

afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues.'" (*Allstate Ins. Co.* v. *Fisher* (1973) 31 Cal.App.3d 391, 394 [107 Cal.Rptr. 251]; Code Civ. Proc., § 1061.)

■ The trial court correctly sustained the demurrer to the first cause of action without leave to amend.

*Whether Western breached its duty as trustee*

Plaintiff's second cause of action alleges Western breached its fiduciary duty to plaintiff by receiving "interest, gratuities and other benefits" from the Bank of America in exchange for depositing the escrow funds in a noninterest-bearing account. Plaintiff asserts Western dealt with said trust property for its own profit or for other purposes unconnected with the trust in violation of former Civil Code section 2229 (now Prob. Code, § 16004, subd. (a)) which provides: "The trustee has a duty not to use or deal with trust property for the trustee's own profit or for any other purpose unconnected with the trust, nor to take part in any transaction in which the trustee has an interest adverse to the beneficiary."

■ These allegations do not state a cause of action against Western acting as an escrow holder. The duties of an escrow holder and a trustee differ. An escrow holder is not a trustee within the meaning of section 16004 and does not have the powers or the obligations of a true trustee. (See *Stephens Partain & Cunningham* v. *Hollis* (1987) 196 Cal.App.3d 948, 955 [242 Cal.Rptr. 251], holding a trustee under a deed of trust is not a strict trustee.) Effective July 1, 1987, Probate Code section 82, subdivision (b)(14), excludes from the definition of "trust" "[a]ny arrangement under which a person is nominee or escrowee for another." An escrow holder is the agent of the parties to the escrow rather than a trustee. (See generally, Bogert, Trusts & Trustees (2d ed. rev. 1984) § 15, pp. 160-195.)

Because we have determined both causes of action fail to state a cause of action, we need not address the parties' other contentions concerning whether Robert Hannon is a proper party plaintiff or whether the complaint alleges a proper class action. The trial court also did not reach these issues.

*Disposition*

The judgment of dismissal is affirmed.

Smith, Acting P. J., and Peterson, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 6, 1989.