TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 95-514 |
| of | : | |
| | : | August 25, 1995 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE JEFFREY A. THOMPSON, District Attorney, County of Tehama, has requested an opinion on the following questions:

1.      May a member, regular or alternate, of a Republican county central committee vote for officers or be an officer of the committee without having first taken and subscribed the oath or affirmation set forth in section 3 of article XX of the Constitution?

2.      Does a letter from a member of a Republican county central committee which appoints another person as his or her alternate on the committee, without stating more, authorize the alternate to vote?

CONCLUSIONS

1.      A member, regular or alternate, of a Republican county central committee may not vote for officers or be an officer of the committee without having first taken and subscribed the oath or affirmation set forth in section 3 of article XX of the Constitution.

2.      A letter from a member of a Republican county central committee which appoints another person as his or her alternate on the committee, without stating more, does not authorize the alternate to vote.

ANALYSIS

The two questions presented concern certain provisions of the Elections Code pertaining specifically to county central committees of the Republican Party of California. (Elec. Code, §§ 7400-7444.)[1]  County central committees, along with party conventions and state central committees, are the governing bodies of qualified political parties.  (See §§ 7000-7884; 59 Ops.Cal.Atty.Gen. 60 (1976).)  The county central committee has charge of the party campaign within the county under the general direction of the state central committee.  (§ 7440.)

While political party committees have certain public attributes, they are not public agencies (59 Ops.Cal.Atty.Gen., *supra*, 61), and their members are not public officers (59 Ops.Cal.Atty.Gen. 162, 163-164 (1976); 25 Ops.Cal.Atty.Gen. 119, 120 (1954)).  California courts have declined to hold county central committee membership as constituting a public office.  (*Moore* v. *Panish* (1982) 32 Cal.3d 535, 544; *Stout* v. *Democratic County Central Com.* (1952) 40 Cal.2d 91, 94; *Azevedo* v. *Jordan* (1965) 237 Cal.App.2d 521, 528.)  Instead, county central committee membership is considered an office of the political party.  (*Moore* v. *Panish, supra*, 32 Cal.3d at 545; *Los Angeles County Democratic Central Committee* v. *County of Los Angeles* (1976) 61 Cal.App.3d 335.)  However, political parties and their committees are subject to regulation in the public interest.  (*Katz* v. *Fitzgerald* (1907) 152 Cal. 433; 59 Ops.Cal.Atty.Gen., *supra*, 60.)

1.      Oath of Office

Although not public officers, members of a Republican county central committee are required to take the same oath of office as public officers and employees prior to entering upon their duties.  Section 7408 provides:

"Each member of a committee, whether elected to the committee or appointed to fill a vacancy, before he or she enters upon the duties of his or her office, shall take and subscribe the oath or affirmation set forth in Section 3 of Article XX of the Constitution.

"The oath or affirmation required by this section may be taken before any officer authorized to administer oaths and no fee shall be charged by any person before whom the oath is taken or subscribed."

Section 3 of article XX of the Constitution states:

"Members of the Legislature, and all public officers and employees, executive, legislative, and judicial, except such inferior officers and employees as may be by law

---

[1]    All section references are to the Elections Code unless otherwise indicated.  Similar provisions govern the committees of the Democratic Party of California (§§ 7050-7254), the American Independent Party of California (§§ 7500-7695), and the Peace and Freedom Party of California (§§ 7700-7884).

exempted, shall, before they enter upon the duties of their respective offices, take and subscribe the following oath or affirmation:

"`I, _____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.'

"`And I do further swear (or affirm) that I do not advocate, nor am I a member of any party or organization, political or otherwise, that now advocates the overthrow of the Government of the United States or the State of California by force or violence or other unlawful means; that within the five years immediately preceding the taking of this oath (or affirmation) I have not been a member of any party or organization, political or otherwise, that advocated the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means except as follows:

_____

(If no affiliations, write in the words "No Exceptions")
and that during such time as I hold the office of _____
                                                    (name of office)

I will not advocate nor become a member of any party or organization, political or otherwise, that advocates the overthrow of the Government of the United States or of the State of California by force or violence or other unlawful means.'

"And no other oath, declaration, or test, shall be required as the qualification for any public office or employment.

"`Public officer and employee' includes every officer and employee of the State, including the University of California, every county, city, city and county, district, and authority, including any department, division, bureau, board, commission, agency, or instrumentality of any of the foregoing."

As explained by the Court of Appeal: "[T]he requirement of execution of the oath `before' entering upon the duties to be undertaken establishes the execution of the oath as a condition precedent to a lawful undertaking of those duties." (*Smith* v. *County Engineer* (1968) 266 Cal.App.2d 645, 653.)

Does the act of voting for or becoming an officer of a county central committee constitute "enter[ing] upon the duties" of the office of committee member? The functions of a county central committee and the duties of its members are set forth in sections 7440-7444. These provisions establish that "[a] committee shall have charge of the party campaign under general direction of the

State Central Committee . . . ." (§ 7440); that, "[a]t the first organizational meeting, a committee shall organize by selecting a chairperson, a secretary, and any other officers and committees as it deems necessary for carrying on the affairs of this party" (§ 7441); and that "[t]he committees shall perform any other duties and services for this political party as seem to be for the benefit of the party" (§ 7443). The committee may, at its discretion, make certain rules and regulations governing its internal affairs. (§ 7442.)

Mandated by section 7441, the act of organizing a Republican county central committee by selecting officers must be considered one of the duties of the committee members. This is underscored by the fact that section 7443, which is part of the same statutory scheme as section 7441, refers to the performance of "any *other* duties . . . for the benefit of the party." (Emphasis added.)

We therefore conclude that a regular member of a Republican county central committee must take the requisite oath of office before voting for committee officers or becoming an officer of the committee.

Must *alternate* members also take the oath of office before participating in the organization of a county committee? The position of alternate member is set forth in section 7406, which states:

> "A committee may authorize each elected member and each ex officio member of that committee to appoint an alternate member. An ex officio member who is also an incumbent officeholder of any of the offices listed in Sections 7404 and 7405 at the time of the meeting of the committee may appoint an alternate member without authorization from that committee, if the member desires to appoint an alternate.

> "The alternate member shall have the right to vote only with the written authorization of the member who appointed him or her. An alternate member of a committee shall be subject to the rules and regulations of the committee.

> "*An alternate member must meet the same qualifications as the regular member*, and may vote only in the absence of the member who appointed him or her, except that an alternate member appointed by an incumbent Senator, Member of the Assembly, or Representative in Congress need not reside in the district of the appointing power but need only reside in the county of jurisdiction of the committee." (Emphasis added.)

The requirement that each member of the committee take the oath of office is properly construed as a qualification for holding membership on a county central committee. This is reflected in article XX, section 3 of the Constitution which, after setting forth the oath, provides that ". . . no other oath, declaration, or test, shall be required as a qualification for any public office or employment." The oath "becomes, in a sense, a matter of eligibility, for one who cannot take the oath, in effect, is rendered ineligible" to hold office. (*Smith* v. *County Engineer, supra*, 266 Cal.App.2d at 653.)

Since taking the oath is a qualification, or condition precedent, for becoming a regular member of a county central committee, it is also a qualification which must be met by an alternate member of the committee pursuant to the terms of section 7406.

Therefore, in answer to the first question, we conclude that neither a regular nor an alternate member of a Republican county central committee may vote for officers or be an officer of the committee without having first taken and subscribed the oath or affirmation set forth in section 3 of article XX of the Constitution.

2.     Delegation of Authority to Vote

The second question presented asks whether a letter from a member of a Republican county central committee which appoints another person as his or her alternate on the committee, without stating more, authorizes the alternate to vote.   We conclude that it does not.

As previously quoted, section 7406 provides that "[t]he alternate member shall have the right to vote only with the written authorization of the member who appointed him or her."  It is evident from this provision that appointment as an alternate, whether written or otherwise, does not in and of itself confer the right to exercise the vote of the regular member.  The appointment is independent of any right by the alternate to vote on behalf of the regular member, and the reference to "written authorization" relates to giving permission to vote, not to the appointment itself.

The language of section 7406 thus assumes that the appointment has already been made; the provision concerns itself with the mechanism by which voting power may be conferred on the alternate.  That mechanism is limited under the statute to a written document which states that the regular member authorizes the alternate to vote on his or her behalf.

We therefore conclude in answer to the second question that a letter from a member of a Republican county central committee which appoints another person as his or her alternate on the committee, without stating more, does not authorize the alternate to vote.

* * * * *