[No. B059595. Second Dist., Div. Three. Feb. 25, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
GABRIEL ROBLES RUIZ, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Appellant.

Michael B. Zimbert for Defendant and Respondent.

OPINION

**DANIELSON, Acting P. J.**—The People appeal from the imposition of an unlawful sentence (Pen. Code, § 1238, subd. (a)(10)).

We reverse the sentence and remand the case with directions.

### FACTUAL AND PROCEDURAL STATEMENT

In a one count information Gabriel Robles Ruiz, also known as Gabriel Ruiz Robles (defendant), was charged with possession of a controlled

substance (cocaine) for sale, in violation of Health and Safety Code section 11351.[1] It was further alleged, inter alia, that the substance exceeded 100 pounds by weight within the meaning of section 11370.4, subdivision (a).

On November 6, 1990, a preliminary hearing was held.

On November 13, 1990 defendant pleaded not guilty and denied the special allegations.

On March 8, 1991, defense counsel indicated that defendant was willing to accept the offer of the court made at the prior appearance.[2]

In response the People argued the minimum sentence to be imposed "would be 17 years in that the People have alleged and at the preliminary hearing had proved up that there was [sic] 63 kilos of cocaine involved or actually 138 pounds, which would be over a hundred pounds, meaning the enhancement is 15 years."

Addressing defendant directly the court stated: "I've indicated to your attorney if you enter a plea of guilty, I'm going to sentence you to the high term of four years plus an additional five years for the quantity enhancement for a total state prison sentence of nine years. I'm going to do this exercising my discretion under [section] 11370.4, [subdivision] (e)."

The court announced: "I find the following factors in mitigation to support the court's exercise of discretion: The fact that the defendant had no prior record, that he expressed a willingness to plead at an early stage, he was cooperative with the police, and his role in this exercise was not as the entrepreneur, but as the person holding the narcotics. He is guilty of the offense as an aider and abettor. However, he was not the moving party."

The court then noted that the People objected on the ground that the court did not have "discretion to pare down the allegation" and that the minimum sentence in this matter should be 17 years.

Following a hearing on the advisement and waiver of defendant's constitutional rights, the court accepted defendant's plea of guilty to the offense charged in the information and his admission that the amount of cocaine he "possessed exceeded 10 [sic] pounds by weight." At the request of the

---

[1] All further section references are to the Health and Safety Code unless otherwise indicated.

[2] The clerk's transcript reflects the prior appearance occurred on February 1, 1991. There is no reporter's transcript of that proceeding, nor does the record reflect what offer the court made to defendant on that date.

People defendant expressly admitted that the amount possessed was actually 66 kilos, which was in excess of 100 pounds.

After denying defendant probation, the court sentenced defendant to serve the high term of four years and to a consecutive sentence of an additional five years within the meaning of section 11370.4, subdivision (2), for a total state prison commitment of nine years.

On March 21, 1991, the People urged the court to vacate the sentence on the ground that "the enhancement is an all or nothing kind of thing." The prosecutor stated: "I know you're allowed to strike it, but it's not stated that you can strike it partially, and we know that in [*People* v. *Cattaneo* (1990) 217 Cal.App.3d 1577, 1588 (266 Cal.Rptr. 710)] you can't stay it."

The court declined to vacate the sentence and explained: "The court was striking the higher levels. So the record is clear, what the court did under 1137[0].4 is strike the higher years of the enhancement and impose the five-year enhancement, and the court did that after stating its reason for doing so on the record previously on March the 8th."

ISSUE PRESENTED

Did the court err in imposing less than the statutorily mandated time set forth for the over 100 pound enhancement of section 11370.4, subdivision (a)(4)?

We find that the court erred, and that the error requires reversal.

DISCUSSION

█ It is established that judicial construction of a statute is not permissible where the plain meaning of a statute is clear from the unequivocal language of its provisions. (See, e.g., *In re Andrews* (1976) 18 Cal.3d 208, 212 [133 Cal.Rptr. 365, 555 P.2d 97]; *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46]; cf. *Stockton Sav. & Loan Bank* v. *Massanet* (1941) 18 Cal.2d 200, 207 [114 P.2d 592].)

█ We have reviewed section 11370.4 and we conclude that its provisions are certain and unambiguous with regard to the duty of a court to impose an additional term of imprisonment as punishment.

Subdivision (a) of section 11370.4 provides in pertinent part: "Any person convicted of a violation of . . . Section 11351, 11351.5, or 11352 with respect to a substance containing . . . cocaine . . . shall receive an additional term as follows: [¶] (1) Where the substance exceeds three pounds by

weight, the person shall receive an additional term of three years. [¶] (2) Where the substance exceeds 10 pounds by weight, the person shall receive an additional term of five years. [¶] (3) Where the substance exceeds 25 pounds by weight, the person shall receive an additional term of 10 years. [¶] (4) Where the substance exceeds 100 pounds by weight, the person shall receive an additional term of 15 years. . . ."

Subdivision (e) of section 11370.4 provides: "Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

From the above it is manifestly clear that the court has the power pursuant to subdivision (e) to strike the additional term enhancements of subdivisions (a)(1) through (a)(4) of section 11370.4. It is equally clear, however, that the court does not have the power to substitute one of the term enhancements for another, e.g., the five-year additional term under subdivision (a)(2) for the fifteen-year additional term under subdivision (a)(4).

As our Supreme Court noted: "The Legislature added section 11370.4 to punish dealers of large amounts of drugs in direct proportion to the quantity of drugs involved. This intent is evidenced by both the express purpose of the section and the graduated sentence enhancements provided therein." (*People* v. *Pieters* (1991) 52 Cal.3d 894, 901 [276 Cal.Rptr. 918, 802 P.2d 420].) The court further noted that such intent would be defeated if "those defendants possessing more than 25 pounds of a controlled substance would be punished the same as those with 10 pounds." (*Ibid.*)

Accordingly, we conclude the additional term enhancements under subdivisions (a)(1) through (a)(4) of section 11370.4 are not interchangeable. The sense of those subdivisions is to guide the court in determining the precise additional term to impose by looking to the quantity of the specified controlled substance involved in pounds by weight. Thus, if the amount exceeded three pounds but was not more than ten pounds by weight, the defendant "shall receive an additional term of three years." (§ 11370.4, subd. (a)(1) and (2).) In this case the court was empowered to impose the additional term of 5 years pursuant to subdivision (a)(2) only if the amount of cocaine in question exceeded 10 pounds but not more than 25 pounds by weight. (§ 11370.4, subd. (a)(2) and (3).) Those are not the facts here.

Inasmuch as it was established that the amount of cocaine involved here exceeded 100 pounds by weight, the court was empowered only to impose

the additional term of 15 years under subdivision (a)(4) of section 11370.4, or to strike that additional term. The court was without discretion to substitute the five-year additional term under subdivision (a)(2) for the fifteen-year additional term under subdivision (a)(4). "Nowhere in the statute does it indicate the court has any discretion besides either imposing the full enhancement or striking it in its entirety." (*People* v. *Harvey* (1991) 233 Cal.App.3d 1206, 1230 [285 Cal.Rptr. 158] (review den. Nov. 26, 1991).) ██ "Unless a statute says otherwise, an enhancement may be imposed or stricken, but this is the extent of the trial court's discretion. [Citation.]" (*Id.* at p. 1231.)

## DECISION

The sentence is reversed[3] and the matter is remanded for further proceedings consistent with this opinion.

Croskey, J., and Hinz, J., concurred.

---

[3]The People concede that reversal of the sentence entitles defendant on remand to withdrawal of his plea of guilty.