Filed 9/19/13  P. v. Wisneski CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071083 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F03557) |
| v. | |
| RICHARD WISNESKI, | |
| Defendant and Appellant. | |

Defendant Richard Wisneski entered a plea of no contest to transportation of cocaine from one county to a noncontiguous county (Health & Saf. Code, § 11352, subd. (b); undesignated section references are to this code; count one) and possession of cocaine for sale (§ 11351; count two) and, in connection with both counts, admitted that the amount of cocaine exceeded 20 kilograms by weight (§ 11370.4, subd. (a)(4)). Defendant entered his plea in exchange for a sentencing lid of 18 years.  In entering his plea, defendant understood that the trial court would consider a "split" term, but not probation.

The court sentenced defendant on count one to the low term of three years plus 15 years for the quantity enhancement.   The court ordered a "split" sentence under

realignment, that is, defendant serves 13 of the 18 years in county jail and the remaining five years on mandatory supervision.  (Pen. Code, § 1170, subd. (h)(5)(B).)  Sentence on count two was imposed and stayed (Pen. Code, § 654).[1]

Defendant appeals.  The trial court granted defendant's request for a certificate of probable cause (Pen. Code, § 1237.5).  Defendant contends the court erred in imposing the enhancement.  We affirm the judgment.

## FACTS[2]

About 9:30 p.m. on May 16, 2011, an officer pulled a car over on Interstate 5. David Ciarelli was driving and defendant was his front seat passenger.  The officer's canine "showed interest" and a search of the trunk revealed three zipped duffel bags containing a total of 35 kilos of cocaine valued at $10,000 per kilo.  Each kilo was vacuum sealed in clear plastic.  Under the cocaine, officers found defendant's shoes.

Defendant claimed he did not know about the narcotics in the trunk.  He claimed he was going to Oregon to a skateboard competition.  Officers found a skateboard on the backseat.  Ciarelli said he was going to Oregon to a skate park and asked defendant, a skateboarder, if he wanted to go with him.  Ciarelli asserted that he had been instructed to pick up the car at the airport and to transport the bags to a skate park in Oregon.  A receipt showed Ciarelli rented the car about 2:15 p.m. on May 16, 2011, at the Los Angeles airport.  Ciarelli stated that he put the bags in the car.  Ciarelli had transported bags to Oregon two months earlier and had received $1,500.  Officers found $500 in an envelope in Ciarelli's pants pocket.

---

[1]     Codefendant David Ciarelli was charged the same, entered a guilty plea on the same day, and received the same sentence on the same day.  This appeal does not involve codefendant Ciarelli.

[2]     The facts are taken from the reporter's transcript of the preliminary hearing.

Officers discovered calls to and from "Gregg" or "GF" on defendant's and Ciarelli's cell phones which were found in the passenger area of the car. Coded text messages regarding the cocaine to and from Gregg were found on defendant's phone. Ciarelli's cousin, Gregg Fraijo, had previously been married to defendant's mother.

DISCUSSION

I

Defendant contends the trial court erred in imposing the quantity enhancement because it was either uninformed as to the scope of its discretion under section 11370.4 to strike the enhancement or abused its discretion in failing to consider the circumstances in mitigation which warranted striking the enhancement. We disagree.

*Background*

Prior to sentencing, defendant submitted several reference letters attesting to his good character. At sentencing, the court indicated it had reviewed the probation report as well as defendant's character letters. The prosecutor estimated that the cocaine's street value was $3.5 million. The prosecutor asserted that the quantity, packaging, and use of a rental car reflected criminal sophistication and that all levels of participation in a large-scale operation are required for the operation to succeed. Defense counsel conceded that defendant knew Ciarelli was transporting drugs but claimed defendant did not know the exact quantity. Defense counsel requested that defendant's split sentence be more favorable to defendant than to Ciarelli. Defense counsel claimed that any sophistication was by persons other than defendant and Ciarelli. Defense counsel requested that the trial court impose minimum fees and fines. The prosecutor retorted that there was evidence that defendant knew they were transporting drugs as shown by his text messages.

The court acknowledged that defendant did not have a criminal history but agreed with the prosecutor that all levels are required for a drug trafficking operation to succeed. The court imposed the full term of the enhancement and split the sentence as

3

recommended by the probation officer. Defendant did not asks the court to strike the enhancement.

*Analysis*

Section 11370.4 gives the court discretion to either impose the full enhancement or to strike the enhancement in its entirety.[3] (*People v. Ruiz* (1992) 3 Cal.App.4th 1251, 1254-1256; *People v. Harvey* (1991) 233 Cal.App.3d 1206, 1229-1231.) On a silent record, we presume that a trial court was aware of its discretion to strike the enhancement and chose not to do so. (Evid. Code, § 664; see *People v. Burnett* (2004) 116

---

[3] Section 11370.4 provides, in relevant part, as follows:

"(a) Any person convicted of a violation of . . . Section 11351, . . . or 11352 with respect to a substance containing . . . cocaine . . . shall receive an additional term as follows:

"(1) Where the substance exceeds one kilogram by weight, the person shall receive an additional term of three years.

"(2) Where the substance exceeds four kilograms by weight, the person shall receive an additional term of five years.

"(3) Where the substance exceeds 10 kilograms by weight, the person shall receive an additional term of 10 years.

"(4) Where the substance exceeds 20 kilograms by weight, the person shall receive an additional term of 15 years.

"(5) Where the substance exceeds 40 kilograms by weight, the person shall receive an additional term of 20 years.

"(6) Where the substance exceeds 80 kilograms by weight, the person shall receive an additional term of 25 years. [¶] . . . [¶]

"(c) The additional terms provided in this section shall not be imposed unless the allegation that the weight of the substance containing . . . cocaine . . . exceeds the amounts provided in this section is charged in the accusatory pleading and admitted or found to be true by the trier of fact.

"(d) The additional terms provided in this section shall be in addition to any other punishment provided by law.

"(e) Notwithstanding any other provision of law, the court may strike the additional punishment for the enhancements provided in this section if it determines that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment."

Cal.App.4th 257, 261.) Moreover, the statute expressly grants discretion to the court to strike. (§ 11370.4, subd. (e).)

Here, the trial court was required to impose the full 15-year enhancement or to strike it. There was no request that the enhancement be stricken. The court was aware of defendant's lack of a criminal history and that his reference letters attested to his good character. Although defense counsel asserted that defendant was unaware of the amount of cocaine in the trunk of the car, defendant, by his plea, admitted knowledge of the nature and presence of the cocaine, that he was transporting the same, and that the amount exceeded 20 kilograms (actual quantity was 35 kilograms, valued at $3.5 million). When defendant was initially questioned, he denied knowing anything about the cocaine in the trunk. But coded text messages about the cocaine were found on his cell phone. Defendant has failed to demonstrate the court did not read the statute or was unaware of its discretion or that it abused its discretion in imposing the enhancement.

## II

We note errors in preparation of the abstract of judgment. Neither count one nor count two is properly described. Count one, a violation of section 11352, subdivision (b), is transportation between noncontiguous counties, not possession for sale, and count two, a violation of section 11351, is possession for sale, not just possession.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment, properly describing counts one and two, and to forward a certified copy to the appropriate authorities. The judgment is affirmed.

NICHOLSON , J.

We concur:

BLEASE , Acting P. J.

BUTZ , J.

5